SOUTER & CO., RESPONDENT vs. GRAHAM'S ADM'R, APPELLANT.

1. When no evidence is preserved, upon which the questions of law, attempted to be raised in the supreme court, can be sustained, the judgment of the court below will be affirmed

Souter & Co. vs. Graham's adm'r.

## APPEAL from St. Louis Circuit Court.

DICK, for appellant.

1. There was no such notice of this claim given to the administrator, as is required by the provisions of the law upon the subject of administration: See Rev. Stats. 1845, title, administration, article 4, secs. 5 and 12, p 91, 93. Section fifth page 91 is as follows : "Any person may exhibit his demand against such estate, by serving upon the executor or administrator a notice in writing, stating the nature and amount of his claim, with a copy of the instrument of writing or account upon which the claim is founded; and such claim shall be considered legally exhibited from the time of serving such notice." The 12 sec., p. 93 contains the same provisons, and also additional, that the claimant "will present the same for allowance at the next term of the county court:" Dorsey vs. Burns, 5 Mo. Rep, 334.

2. The notice, even if it be held to be sufficient in form and substance, was not given in time :

First, because it was not filed in the probate court and entered upon the docket as a cause pending in that court.

Second, there was never any proceedings in the probate court consequent upon this first notice; nor is there any entry recognizing it in the suit.

3. The second notice was dated and served on 22d May, 1850, which was after the expiration of the first year of the administration.

At least, the suit is to be regarded as begun from the time of the service of this second notice. The mere reference in this notice to the former notice, which was abandoned, and was not part of the record proper, of the cause tried in the probate court, does not make the second relate back to the date of the first notice.

4. The record history of the trial does not connect the two notices, so as to make the inception of the suit before the expiration of the first year of administration.

KASSON & WICKHAM, for respondents.

I. The circuit court committed no error in refusing appellant's instructions.

1. Notice was given in time. Notice of the demand was served upon the adm'r, Darby, in writing, stating the nature and amount of the claim, with a copy of the account on which it is founded, within one year after the issue of letters on the estate. The claim was legally exhibited from the time of such service. R. S. Tit Adm'rt., Art. 4, sec. 5.

2. Demand does not depend on the time when it is presented for allowance and established for its classification; but on the time when it is legally exhibited. Adm'r. Art. 4, sec. 1.

II. Notice was available to classify the demand.

1. The demand being legally exhibited, the adm'r should have classified and made return of it into court at his settling time, which was the next term following the service of the notice. Adm'r. Art. 4, sec. 6.

1. The claim, then, being noted among the records of the case in court, would beyond the statutory bar of limitations; for a waiver of notice on record, will take a claim out of the statute of limitations, a fortiori are actual notice: Milan adm'r of Crockett vs. Pemberton, ex'r &c., 12 Mo. R. 598.

3. The notice cannot be construed to be abandoned or annulled, by failure to place the claim on docket for trial, at the next term; for non constat but that plaintiffs may have intended to try the case on a waiver of notice (administrator 4, sec. 14) during the term. Placing claim on the docket would only induce the necessity of a continuance, in the event it could not be tried, and lex non praecepit inutilia, quia inutilis labor stultus.

Souter & Co. vs. Graham's adm'r.

4. Nor was the effect of said notice annulled by failure to present the claim of said term, for the section of the act requiring the administrator to return exhibited claims into court, gives the effect of an appearance to the plaintiff's notice at said term; and the idea of abandonment is precluded at the next term but one (June term,) for the case was on the docket for trial under a 2nd notice, relating back, in terms, to the first notice, and thus, in effect, there was no discontinuance of the suit commenced by the notice served on 15th December.

5. Defendant, at the trial, having waived all objections to the sufficiency of the 2nd notice, by failing to demurr, it is fair to presume he would have done the same thing in regard to the first, had the cause been tried under it, both notices being similar; and the statutory limitation is no bar to this suit, it being the same as that commenced on the 15th December within the year, there having been no discontinuance.

III. No error was committed by the circuit court in refusing to give the second instruction asked by appellant. The notice given was substantially sufficient. The objection to the sufficiency of notice, and the failure to serve a copy of the instrument sued on, is waived, so far as the second notice is concerned, by the defendant's appearing and pleading to the necessity.

1. The notice served within the year and relied on to exhibit the claim, contained such a statement of its nature and amount, as also a copy of the account, as would enable a person of ordinary understanding to know what was intended; and greater certainty will not be required in a notice than in a petition in a civil action. The terms of the notice being general, the court should construe it favorably, according to the equity and truth in the case: Drew vs. Anderson, 1 Call. 51.

2. The acceptances of Graham were merged into an account dated 1st November, and it was unnecessary to specify dates; for though not all due, they were, for the purpose of being allowed against the estate, considered so; to which method of procedure, no objection was made by defendant, as appears from the record. The acceptances were merely introduced to prove the account, which was done to the satisfaction of the court, sitting as a jury; a finding of facts which should not be disturbed. A variance is not fatal if the substance of the allegation is proved: 1 Stark. Ev. 491.

3. The effect of this notice was the same as though it had been most minute and circumstantial, for the order of payment was postponed by it until its validity to classify the demand should be decided; and remedial statutes must be so construed as most effectually to meet the beneficial end in view, and prevent a failure of the remedy: Devarris on Statutes 718, Law Lib. volume 7, page 57.

IV. The court committed no error in refusing the 3rd instruction.

No instruments of writing were sued on, ergo, no copy of them was necessary, in a notice legally exhibiting the claim. The account was substituted for Graham's acceptances, and declared on by the notice, and its being proved by the acceptances is not inconsistent with, and does not alter the legal effect of that which is alleged: the variance, therefore, betwen the allegation and the proof is immaterial: 1 Stark. Ev. 435, 459.

The notices are in substantial compliance with the requirements of the act, so that defendant could not be misled in maintaining his defence upon the merits; if, therefore, the claim is allowed at all, it must be placed in the 5th class, for if the second notice was sufficient to establish the demand, the first was sufficient, legally, to exhibit it.

Ryland, J., delivered the opinion of the court.

In looking through the record and proceedings of the court below, in this case, we find no evidence preserved upon which the questions of law, attempted to be raised in this court, can be sustained.

There is nothing which calls for our revision. The judgment of the circuit court is affirmed; the other judges concurring.