STATE BANK OF MISSOURI, Appellant, *v.* HENRY TUTT, Adm'r, Respondent.

1. *Administrator — Judgments presented more than one year after death, classed how.*— Judgments exhibited against the estate of a deceased person in the Probate Court, more than a year after his death, under section 1, chapter 123, Gen. Stat. 1865, should be placed in the sixth and not in the fourth class. The term "all demands," spoken of as belonging to the fifth class, means "all demands except judgments;" and the same term, when it refers to those embraced in the sixth class, means "all demands, including judgments," and, perhaps, also those named as belonging to the first and second classes. Sections 2 and 11, *et seq.*, chapter 124, and section 29, chapter 123, Gen. Stat. 1865, clearly show that no demand requiring presentation and allowance can be placed in or forward of the fifth class unless presented within the year.

*Appeal from Fifth District Court.*

*Bassett & Van Waters*, for appellant.

*H. M. & A. H. Vories*, for respondent.

BLISS, Judge, delivered the opinion of the court.

The plaintiff presented to the Probate Court of Buchanan county, for allowance, a demand against defendant's estate, founded upon a judgment rendered during the life of decedent;

and, upon hearing, the sum of $1,221.61 was allowed, and the same was assigned to the fourth class. The judgment having been presented and notice given more than one year after the granting of letters, the administrator appealed from so much of the decision as assigned the demand to the fourth class; and the Circuit Court sustained the holding of the Probate Court, but its decision was reversed in the District Court.

The assignment of the judgment to the fourth class was clearly wrong, though the language of section 1, chapter 123, General Statutes, is not quite as explicit as it might be made. The fourth class is made to include "all judgments rendered against the deceased in his lifetime," without reservation; the fifth class embraces "all demands, without regard to quality," exhibited within one year; while in the sixth class are included "all demands thus exhibited after the end of one year," etc. The Probate Court held that the fourth class included all judgments, without regard to the time of the presentation, and that the other classes had no relation to judgments. But we can only harmonize this section with the other requirements of the statute by holding that the term "all demands," spoken of as belonging to the fifth class, means "all demands except judgments;" and the same term, when it refers to those embraced in the sixth class, means "all demands, including judgments," and, perhaps, also those named as belonging to the first and second classes.

Section 2 of chapter 124 requires a settlement by administrators every year, and other sections provide for enforcing such settlements by citation, attachment, fines, etc. Sections 11 and following provide that the court, at every settlement, shall ascertain the amount of money that has come into the hands of the administrator, and the amount of debts allowed against the estate, and order the amount to be apportioned among the creditors, and shall so proceed "until all the debts be paid or the assets exhausted;" and if, upon such settlement, there is enough to pay all demands of one class, the court shall order the whole to be paid. Provision is also made for enforcing these orders in a summary manner. Section 29, chapter 123, expressly requires that the administrator shall pay the demands against the estate

in the order in which they are classed, and forbids the payment of any demand of one class until all previous classes are satisfied.

These provisions clearly show that no demand requiring presentation and allowance can be placed either in or forward of the fifth class unless presented within the year. The administrator is required to settle at the end of the first year, and show the assets in his hands. It is the duty of the court to order distribution among the creditors or payment in full, according to classification. Under this order, the claims belonging to the first five classes may be paid and the assets exhausted. All the claims embraced in the fifth class are in and are paid, if the money will go so far. Afterward, and within the second year, a judgment is presented, and is assigned to the fourth class. At the next annual settlement the court must order it to be paid; and it must be paid before any payments are made upon the fifth class. But there are no assets, and the fifth-class debts are already paid under an order of court imperatively required by statute, and nothing is left but for the administrator to pay it out of his own estate. The statute can never be construed to work such injustice; and judgments, as well as other debts not presented until after the first year, must be placed in the sixth class. This classification has nothing, however, to do with the liens which any judgment may have.

The judgment of the District Court is affirmed. The other judges concur.