The Madison County Bank v. Suman.

THE MADISON COUNTY BANK, *Plaintiff in Error*, v. SUMAN'S ADMINISTRATOR.

1.  **Service of Process**: OFFICER'S RETURN. The statute allows process to be served by leaving a copy at the "usual place of abode" of the defendant. R. S., § 3489. An officer returned that he had left the copy at the "last usual place of abode" of the defendant. *Held*, that this did not show a valid service.

2.  ———— : ———— : CANNOT BE AIDED BY EXTRINSIC EVIDENCE: ADMINISTRATION. In a proceeding in the probate court to classify a judgment, for the purpose of fixing the date of exhibition of the demand, the plaintiff offered in evidence the officer's return upon the summons in the suit, and this being imperfect, he also offered extrinsic evidence in aid of the imperfections, in order to show that at the date given a valid service had in fact been made. *Held*, that this last evidence was not admissible.

3.  ———— : ———— : APPEARANCE OF ADMINISTRATOR: CLASSIFICATION OF JUDGMENTS. Where an officer's return upon a summons issued against an administrator failed to show a legal service, but the administrator nevertheless appeared to the action, and judgment went against him; *Held*, that by his appearance he waived the defect in the service so as to confer upon the court jurisdiction to render the

judgment; but if (as in this case) the appearance was made more than one year after the grant of letters to the administrator, the waiver did not, for the purpose of notice under the Administration Law, relate back so as to become operative from the date of the attempted service of the writ and let the demand into the fifth class.

4. **Administration**: EXHIBITION OF DEMANDS. The bringing of a suit and service of summons within the first year after the grant of letters of administration, is a good exhibition of the demand, so as to entitle the judgment to be placed in the fifth class, but if the demand is founded upon a note, a copy of the note must be served with the summons.

5. ———: ———. The fact that an administrator knew that he was sued or even that he saw a copy of the petition, is not to be considered in classifying a judgment against him.

6. ———: ———: BURDEN OF PROOF. When a demand against the estate of a decedent is presented to the probate court for allowance after the lapse of the first year from the grant of letters, it will not be admitted into the fifth class unless the claimant proves affirmatively that he exhibited it to the administrator within the first year after publication of the notice of the granting of the letters.

*Error to Bates Circuit Court.*—HON. J. D. PARKINSON, Judge.

AFFIRMED.

*E. Buler* for plaintiff in error.

*Robinson, Harkless & Bennett* for defendant in error.

PHILIPS, C.—Jacob Suman died intestate at the county of Barton, and his widow, Elizabeth Suman, on the 15th day of October, 1875, took out letters of administration on his estate from the probate court of said county. On the 25th day of March, 1876, the plaintiff, a banking corporation of the state of Indiana, filed its petition in the circuit court of the United States for the western district of Missouri, against the said administratrix to recover judgment on two promissory notes alleged to have been executed by the defendant in his lifetime, to one Corwin, who assigned the same to plaintiff. On this petition writ of summons issued the day it was filed, on which the following return

was made : " I hereby certify that I executed this writ by leaving a copy of the same and a copy of the petition filed in this cause, with a member of the family of the within named Elizabeth Suman, administratrix, over fifteen years of age, at her last usual place of abode, in the county of Barton, in the western district of Missouri, on the 7th day of April, 1876." Afterward, on the 21st day of November, 1876, Wray, who had in the meantime been appointed administrator, vice Mrs. Suman resigned, filed answer to the action. Judgment was rendered therein on the 17th day of January, 1878, in favor of the bank. Afterward this judgment was presented in the probate court of Barton county for allowance against said estate. Allowance was accordingly made for the amount of the judgment, and the same was placed in the fifth class. From this classification the administrator appealed to the circuit court, where on rehearing, the claim was again allowed and certified back to the probate court with directions to place the same in the sixth class. From this order and judgment of the circuit court the plaintiff has appealed to this court.

The contention is as to the proper classification of the demand. Plaintiff claims that the judgment should be placed in the fifth class.

The statute then in force provided that: "All demands, without regard to quality, which shall be legally exhibited against the estate within one year after the granting of the first letters on the estate," shall be classed in the fifth class. Wag. Stat., § 1, p. 102. "All actions commenced against such administrator after the death of the deceased, shall be considered demands legally exhibited against such estate from the time of serving the original process on such administrator." Ib., § 4. "Any person may exhibit his demand against such estate by serving upon the administrator a notice in writing, stating the amount and nature of his claim, with a copy of the instrument of writing or account upon which the claim is founded;.

34—79

and such claim shall be considered legally exhibited from the time of serving such notice." § 5.

From these provisions it is apparent that no claim can be allowed by the administrator. The allowance is made by the probate court after notice to the administrator. The classification of the allowance depends upon the character of the claim and the time of its exhibition to the administrator. To entitle this demand to the fifth class it must have been exhibited to the administrator, as by the foregoing statute provided, "within one year after the granting of the first letters of administration." To maintain the required exhibition under the 4th section, the process of the United States court should have been served within the said first year.

By the provisions of the Practice Act of this State, section 7, page 654, General Statutes 1865, amended by 1. SERVICE OF PROC- Laws 1875, page 105, applicable under the ESS: officer's return acts of congress to the mode of procedure in the federal courts, service of such process could only be made, where the defendant was not personally found, "by leaving a copy of the petition and writ at his usual place of abode, with some person of his family over the age of fifteen years." The return in this case recites: "with a member of the family of the within named Elizabeth Suman, administratrix, over fifteen years of age, at her last usual place of abode in the county of Barton," etc. This service is not in conformity with the statute. Her last usual place of abode might not be her present place of abode. This return could be true and yet the defendant in the writ reside in another county or jurisdiction.

In *Earle v. McVeigh*, 91 U. S. 508, the court say: "When the law provides that notice may be posted on the front door of his usual place of abode in the absence of the family, the intention evidently is that the person against whom the notice is directed should then be living or have his home in the said house. He may be temporarily absent at the time the notice is posted, but the house must

be his usual place of abode, so that when he returns home the process posted on the front door will operate as notice, which is all the law requires. By the expression 'usual place of abode,' the law does not mean the last usual place of abode, for a party may change his place of abode every month in the year. Instead of that, it is only on the door of his then present residence where the notice may be posted and constitute a compliance with the legal requirement." In *Brown v. Langlois*, 70 Mo. 226, the return recited: "at the usual place of abode when in the city of Cape Girardeau." The court say: "The return does not conform to the law, and the judgment by default is a nullity." Constructive service of notice is strictly construed and everything may be inferred against the officer's return which its departure from the description of the statute will warrant. *Blanton v. Jamison*, 3 Mo. 52: *Stewart v. Stringer*, 41 Mo. 400.

The plaintiff at the trial sought to aid the return of the marshal by introducing evidence, *ore tenus*, to show that

2. —— : —— : cannot be aided by extrinsic evidence: administration.

as a matter of fact the person with whom the summons was left was a member of the family of Mrs. Suman, and that the place of service was her place of abode at the time of the service. If the testimony offered had been admissible for the purpose sought, it would not have helped the plaintiff's case perhaps, for it showed that the process was served on Sunday, which would have invalidated it, if the officer had returned the true facts. The evidence was of a character to indicate that there was a question as to whether the administratrix was really a member of the family with whom the papers were left, and this fact doubtless accounts for the employment of the word "last" in the officer's return.

But we are of the opinion that this parol evidence was incompetent. It is true that Judge McGirk, in *Dobbins v. Thompson*, 4 Mo. 118, suggested that such evidence would be competent. The point was not necessary to the conclusion reached in that case. But it cannot be upheld on

authority or reason. The return of the officer is a part of the record and cannot be impeached collaterally. *Brown v. Langlois, supra,* 227; *Reeves v. Reeves,* 33 Mo. 28. It is as much a part of the record as the pleadings and the judgment in the case. *Bateson v. Clark,* 37 Mo. 31; *Richardson v. George,* 34 Mo. 108, and note. The return of the officer is conclusive as to the facts recited, on the parties to the suit, and the party injured has his remedy against the officer and his sureties as for a false return. *Hallowell v. Page,* 24 Mo. 590; *Delinger v. Higgins,* 26 Mo. 180; *McDonald v. Leewright,* 31 Mo. 29. It is like the acknowledgment of a deed by such officer. Its imperfect recitals cannot be aided by extrinsic evidence. *Samuels v. Shelton,* 48 Mo. 444; *McClure v. McClurg,* 53 Mo. 173; *Wannell v. Kem,* 57 Mo. 478. Any other rule would be attended with so much uncertainty, resting upon proof *in pais,* as to produce delays, conjectures and collateral inquiries, to the infinite hurt of litigants, to say nothing of its effect upon the just responsibility of the officers charged with the duty of this important service in the administration of justice.

It is next contended by appellant's counsel that when the administrator entered his appearance to the action by

3. ——, ——: appearance of administrator: classification of judgment.

filing answer, he waived the defect in the service of the summons. For the purpose of conferring jurisdiction on the court over the person of the defendant, so as to authorize the judgment rendered therein, the appearance had such effect. But when the appearance was made, more than one year had run after the grant of the letters of administration, and such waiver did not, for the purpose of notice of the demand under the Administration Law, have relation back so as to become operative from the date of the attempted service of the writ. In *Etheridge v. Woodley,* 83 N. C. 11, the court say: "While a general appearance by attorney will dispense with the process to bring a defendant into court, such appearance has no retrospective effect, and is not equivalent to service in time to avoid the statute of

limitations when the statutory period had elapsed before the entry of appearance."

It is suggested again that notwithstanding the service of the process may not have been sufficient to bring the 4. ADMINISTRATION: exhibition of demands. plaintiff's demand within the terms of the 4th section of the statute, *supra*, was it not sufficient to bring it within the spirit of the 5th section as a notice of the demand to the administratrix? We are of opinion that it is not. The 5th section prescribes the character of the notice to be given. It must be "in writing stating the amount and nature of the claim, with a copy of the instrument or account upon which the claim is founded." It was held by the majority opinion of this court, in *Tevis v. Tevis*, 23 Mo. 256, that the service of notice required by the 5th section would be sufficiently met by the institution of suit in the circuit court and service of summons within the first year so as to preserve the right to classification in the fifth class. But it is observable in that case that not only was process duly served within the first year, but that a copy of the note which was the basis of the demand accompanied the copy of the petition and writ and was also delivered to the administrator. In the case at bar the process was not served within the year, and I have examined the record from the United States circuit court to ascertain, if possible, whether copies of the notes which were the foundation of plaintiff's claim accompanied the process and were served. But it does not so appear. On the contrary, it is quite manifest from the absence of any reference to the notes in the clerk's certificate to the copy, or of any allusion to the notes by the marshal in his return, that no copy of "the instrument upon which the claim is founded" was ever served on the administrator.

It will not do, as counsel argue, to say that because the administratrix knew she was sued, or in fact saw a copy of 5. ——: ——. the petition, that was in equity a good notice. As well say because an administrator really knows *in pais* that A has a claim against the estate, that is enough

to effect the conscience of the administrator and constitute notice. The administrator's duties and rights in this respect are defined and limited by law, and he has no discretion, except that he may enter his appearance and waive notice of demand for the purpose of an allowance. *Spaulding v. Suss*, 4 Mo. App. 541.

The only remaining question raised by appellant, important to be considered, is as to the proper construction of section 19, page 36, Wagner's Statutes, which is as follows: "Within thirty days after letters are granted, the executor or administrator shall publish in some newspaper, etc., for three weeks, a notice that letters testamentary or of administration have been granted to him, stating the date, and requiring all persons having claims against the estate to exhibit them for allowance to the executor or administrator within one year after the date of the letters, or they may be precluded from the benefit of such estate; and that if such claim be not exhibited within two years from the time of such publication it shall be forever barred." Appellant contends that the time for proving claims begins to run from the date of publication of notice by the administrator, and not from the date of grant of letters; and that as there was no proof in the case as to when, if ever, such notice was given, the plaintiff made out a *prima facie* case for admission to the fifth class. In *Spaulding v. Suss, supra,* 543, the court of appeals held that "the law underwent a change in the revision of 1865, and the time for proving claims begins to run now from the date of publication of notice, and not from the date of letters, as was formerly the case." Without questioning this construction for the purpose of this case, the question remains: Upon whom rests the burden of proof to show when notice of letters was given? The court of appeals in the same case (p. 544) held that when the demandant presents his claim for allowance after the lapse of the first year, it devolves upon him to prove to the probate court affirmatively that he gave the required notice

6. ——: ——: burden of proof.

to the administrator within the first year after such publication, to entitle his claim to admission in the fifth class. In support, the case of *Miller v. Janney*, 15 Mo. 268, is cited, in which the court say : " The probate court having classed the demand in the fifth class as the case stood at the time of the judgment and classification, it was the duty of the claimant, if he had any evidence upon which the court should have placed the claim in a different class, to have produced it when the demand was allowed ; so that the probate court might have examined such evidence and declared its effect. The fact that the claimant had evidence of the prior presentation of the demand to the executor, which he neglected to offer the probate court at the time the claim was allowed and classed, does not authorize the court to change the class afterward. The report of claims by the executor is not the evidence upon which the claimant is to rely, as it is not made for the purpose of classifying demands." This whole matter as to the distinction between the limitation which will bar the claim altogether and the time of presentation as it affects the class to which the demand when allowed shall be assigned, has often been considered by the courts, so that any discussion in detail of the question here could but be reiteration. *State Bank v. Tutt*, 44 Mo. 366; *Burckhartt v. Helfrich*, 77 Mo. 376; *Miller v. Janney* and *Spaulding v. Suss, supra*.

The result of this opinion in the event of the exhaustion of the assets of this estate in the payment of demands of the fifth class may work a hardship on the plaintiff. If so the bank has no one to blame but its own counsel. Why they should, in the first instance, have avoided the proper State tribunal by going into the federal court with its delay, inconvenience to the administratrix and accumulated cost to the estate, on so simple a demand as a promissory note, is not apparent. Litigants would do well to trust to that comity between the states which has so long characterized the administration of justice in this State, especially where there is so much homogeneity between our peoples and

methods of administering justice in the respective State courts. Even after suing in the federal court the marshal might have amended his palpably imperfect return if the actual facts justified the amendment. We cannot now warp the provisions of our statute law to save the claim however meritorious.

The judgment of the circuit court is accordingly affirmed. Ewing, C., concurs; Martin, C., absent.