CARL WENCKER, Administrator of SUSAN E. HOUSTON, Appellant, v. JOHN A. THOMP- SON'S Administrator, Respondent.

**St. Louis Court of Appeals, August 4, 1902.**

1. **Judgment:** RENDERED IN LIFETIME OF PARTY, HOW PRE- SENTED TO ADMINISTRATOR: PROBATE COURT: ADMINIS- TRATOR: ALLOWANCE: CLASSIFICATION. A judgment ren- dered against a party in his lifetime must be exhibited to his admin- istrator after his death to secure allowance and classification in the probate court (following McFaul v. Haley, 166 Mo. 56).

2. **Probate Court:** DEMURRER: WAIVER OF NOTICE BY ADMIN- ISTRATOR OF DEMAND. An executor or administrator may waive notice of the exhibition of a demand, in which event the date of waiver is the date of the exhibition. Where a demand has not been exhibited prior to allowance thereof by the probate court, and the administrator appeals therefrom, the date of exhibition is held to be that of the appeal so far as concerns the statute of limitations, it being assumed that the appeal amounts to a waiver of any other exhibition of the demand.

3. **Justice's Court:** APPEAL: APPEARANCE OF PARTIES: STAT- UTORY CONSTRUCTION. An appeal from a justice's judgment in an ordinary action amounts to a general appearance in the cause by reason of a statute.

4. **Judgment:** SATISFACTION OF JUDGMENT: PRESUMPTION OF PAYMENT OF JUDGMENT, WHEN: STATUTE OF LIMITA- TIONS. A judgment is presumed to be satisfied after the lapse of ten years from its date (R. S. 1899, sec. 4297) but that statute is not applicable to judgments obtained before it took effect. Prior to said enactment the presumption of payment applied after the lapse of twenty years, in the absence of any contrary evidence.

5. **Probate Courts:** PROBATE PRACTICE: DEMANDS AGAINST ESTATE, HOW HEARD IN PROBATE COURT: PLEADING. · In

a proceeding in the circuit court on appeal from the probate court the statute of limitations may be invoked without a written plea. It is only needful to assert that defense clearly in the trial court.

6. ————: ————: ————. The probate court hears and determines demands against an estate "in a summary way without the form of pleading," and on appeal to the circuit court such causes are tried anew without formal pleadings.

7. Cases Distinguished. The case at bar is distinguished from Houston's Admr. v. Thompson's Admr., 87 Mo. App. (St. L.) 63.

Appeal from St. Charles Circuit Court.—*Hon. Elliott M. Hughes,* Judge.

Reversed and remanded.

*H. W. Johnson, C. W. Wilson* and *A. H. Drunert* for appellant.

(1) The demand, the basis of this action, was never exhibited to the defendant, administrator, and no notice was given him that the demand would be presented to the probate court for allowance and classification, as required by law. Gewe v. Hanszen, 87 Mo. App. 63; Price v. McCause, 30 Mo. App. 627; Secs. 188, 197, 199, R. S. 1899. (2) The demand could not be allowed and classified until the claimant made oath in open court or filed an affidavit as to credits and offsets. Sec. 195, R. S. 1899; Gewe v. Hanszen, 87 Mo. App. 63. (3) The demand was not presented to the probate court within two years from the time letters of administration upon the estate of John A. Thompson were granted and notice published, nor within twenty years from the date of the judgment, and was barred both by the two-year statute and the general statute of limitations. Sec. 185, R. S. 1899; Sec. 3251, R. S. 1879; Pfeiffer v. Suss, 73 Mo. 245; Price v. McCause, 30 Mo. App. 627. (4) Notice to the administrator, and an exhibition of the demand to him, was necessary for the reason that the demand had not been established by the

judgment or decree of some court of record in the ordinary course of proceeding, against defendant administrator. Pfeiffer v. Suss, 73 Mo. 245; Houston v. Thompson, 87 Mo. App. 63; State ex rel. Coll. v. Tittman, 103 Mo. 553; Gewe v. Hanszen, 85 Mo. App. 136; Bank v. Burgin, 73 Mo. App. 108.    (5)    There was no evidence before the court showing the authority of plaintiff to maintain this action.    The judgment rendered against John A. Thompson on the sixteenth day of March, 1881, is a nullity and constitutes no valid demand against his estate.    Houston v. Thompson, 87 Mo. App. 63.    (6) A court can not at a subsequent term change its judgment to one it neither rendered nor intended to render. Ross v. Meatt, 49 Mo. 345.    (7)    A judgment regular or irregular, correct or erroneous, can not be set aside after the term has passed at which it was rendered. Ashby v. Glasgow, 7 Mo. 330; Hill v. City of St. Louis, 20 Mo. 587; Nearns v. Horbert, 25 Mo. 353; Harbor v. Railroad, 32 Mo. 423; Wilson v. Boughton, 50 Mo. 18. (8)    Some judicial action by the probate court is required, and it follows as a necessary consequence that the administrator must have legal notice of the proceeding.    McFaul v. Haley, 65 S. W. 995.

*Carl Daudt, Henry Schoeneich* and *C. E. Peers* for respondent.

(1)    The first point made by appellant is that the demand, the judgment of Houston v. Thompson, was never exhibited to the defendant administrator and that no notice was given him that the demand would be presented to the probate court for allowance and classification.    Says the court in McNair et al. v. Biddle et al., 8 Mo. 258:    "Although it may not appear from the proceedings in a cause, that process has been served on a party, yet if he appears by attorney and file a plea, he will be considered as having personal service."    It is the settled law of the State that defendant, who appeals

from the judgment of an inferior court, thereby submits to the circuit court for all purposes.   Berkeley v. Kobes, 13 Mo. App. 502; Fitterling v. Railroad, 79 Mo. 504.   (2)   It is next claimed by appellant that the demand could not be allowed and classified until the claimant made oath in open court or filed an affidavit as to credits and offsets.   Such affidavit, however, was made by plaintiff's administrator in the probate court. The making of the affidavit was entirely superfluous under section 196, Revised Statutes 1899.   "Executors and administrators shall not be required to make such affidavit in relation to any demand in favor of the estate of their decedent, which accrued prior to their letters of administration."   (3)   Appellant's next contention is, that the demand was not presented to the probate court within two years from the time letters of administration upon the estate of John A. Thompson were granted and notice published, nor within twenty years from the date of the judgment, and was barred by the two-year statute and general statute of limitations.   In the appellate court all things are presumed to have been regularly and solemnly done.   Byrne v. Carson, 70 Mo. App. 126. In the absence of a showing to the contrary, the court will presume that notice of final settlement was given, as required by law, as without it the probate court would not have been authorized to make the final settlement and discharge the administrator.

BARCLAY, J.—This is an appeal from the allowance and classification by the circuit court of a probate demand founded on an alleged judgment in favor of Susan E. Houston, which judgment is in the following terms:

"In the Circuit Court, Wednesday, March 16, 1881.

"State of Missouri, County of St. Charles, ss.

Susan E. Houston, Plaintiff,

   v.            Damages.

John A. Thompson et al., Defendants.

"The motion of said plaintiff to amend the judgment herein coming on to be heard and being submitted to the court it is considered by the court that said motion be sustained and that said judgment against W. Thompson, Catherine Thompson and Cornelia Thompson be and the same is hereby set aside and that said judgment to be entered against John A. Thompson.

"It is therefore considered by the court that said plaintiff have and recover against defendant John A. Thompson the sum of two hundred and fifteen dollars and fifty cents damages together with six per cent interest per annum thereon, from March 3, 1880, and costs, and have thereof execution."

The present case began in the probate court of St. Charles county, Missouri, where plaintiff, on August 13, 1900, filed a certified copy of the foregoing judgment. There is no evidence in this record of any previous notice to the administrator by way of exhibition of the demand to him.

The case was ordered continued on several occasions by the probate court, apparently, however, without any appearance on the part of defendant, until April 15, 1901, when the judgment was allowed as a demand against the estate in charge of the defendant, and was placed by the probate court in the sixth class.

April 17, 1901, the defendant, as administrator of the estate of John A. Thompson, took an appeal in this case to the circuit court of the county.

In the circuit court, December 6, 1901, defendant (appearing only for the purpose) moved the court to dismiss the cause because no exhibition of the demand had been made, or any notice thereof given, to the administrator prior to the presentment of said demand

for allowance and classification.  The motion was over-ruled and exception saved.  Thereupon followed other moves by defendant which plaintiff insists had the effect of a general appearance by defendant.  We shall not have occasion to pass upon that matter, for reasons which will appear.

The circuit court ultimately found in favor of the plaintiff and entered the following judgment, December 6, 1901:

"Susan E. Houston's Adm., Plaintiff.
          v.                          Appeal from Probate Court.
John A. Thompson's Adm., Defendant.

"Now at this day come the said parties, by their respective attorneys, and this cause coming on to be heard, by consent of parties, the same is submitted to the court for trial, sitting as a jury, on the pleadings and evidence adduced.  And the court being now sufficiently advised in the premises doth find for the plaintiff and doth assess the amount of his recovery at the sum of four hundred and eighty-two dollars and seventy-one cents, the amount of said debt; and the court finds for plaintiff in the further sum of sixty-two dollars and sixty-cents as for costs in the original case; making the total amount of plaintiff's recovery on the demand mentioned the sum of five hundred and forty-five dollars and thirty-one cents.  It is therefore considered and adjudged by the court that the said plaintiff recover of John A. Thompson's estate the sum of five hundred and forty-five dollars and thirty-one cents and costs.  And it is ordered by the court that a copy of this judgment be certified to the probate court of St. Charles county for allowance in the sixth class."

This is the judgment from which the pending appeal was taken finally by the defendant to this court after the usual preliminaries.

1.  There is no recital or other showing in the record before us that plaintiff's demand (founded on the judgment of March 16, 1881, already quoted) was exhibited to the defendant as administrator of the estate of John A. Thompson, at any time prior to the beginning of the proceedings in the present cause in the probate court of St. Charles county, August 13, 1900. Such exhibition thereof was required, according to the last ruling on that subject in the Supreme Court. McFaul v. Haley, 166 Mo. 56. Nor is there any showing of any appearance by the defendant to plaintiff's claim prior to defendant's appeal to the circuit court, April 17, 1901. Respondent claims that said appeal amounted to a general appearance, and thereby waived any other notice to defendant. That is now the law governing appeals in ordinary actions begun before a justice of the peace, because of an express statute. R. S. 1899, sec. 4060. Before the enactment of the proviso in that section, some cases declared that an appeal from a justice did not have such effect. Brandenberger v. Easley, 78 Mo. 659; Fare v. Gunter, 82 Mo. 522. While other decisions expressed the rule which the statute last cited embodies. Fitterling v. Railway, 79 Mo. 504; Witting v. Railway, 101 Mo. 631. But we need not determine which view is authoritative as applied to cases of appeal from the probate to the circuit court. Let it be conceded that such an appeal amounts to a full appearance and a waiver of any other exhibition of the demand to the administrator. Then would the date last mentioned be, at all events, the earliest exhibition of the demand which defendant could be justly claimed to have had. The notice which constitutes an exhibition of a demand to an administrator may, indeed, be waived by him; but in that event the date of the waiver is to be taken as the date of the exhibition or presentment of the demand. Madison Co. Bank v. Suman, 79 Mo. 527.

The judgment sought to be asserted as a claim against the estate was rendered March 16, 1881. The

appeal from the probate court was taken April 17, 1901. The fatal interval of more than twenty years between the dates last mentioned is an insuperable barrier to plaintiff's recovery, under the law in force when the original judgment was pronounced. R. S. 1879, sec. 3251, same as sec. 6796, R. S. 1899. The existing law on the subject (R. S. 1899, sec. 4297) was enacted in 1895. But it is not to be applied to judgments rendered before it took effect. R. S. 1899, sec. 4298.

This judgment before us must be presumed paid because of the lapse of twenty years, in the absence of any proof to the contrary in the record as it now stands.

2. At the trial in the circuit court counsel for the defendant clearly made known to the court that defendant relied on the bar of limitation of twenty years. It was not necessary to file a written plea to that effect either in the probate or in the circuit court. The probate court, according to our statute law, hears and determines such demands "in a summary way without the form of pleading." R. S. 1899, sec. 200. On appeal to the circuit court the cause is tried anew without formal pleadings. R. S. 1899, sec. 285; Cole County v. Dallmeyer, 101 Mo. 57. To invoke the bar of limitation it is only needful in such cases to bring that defense clearly to the attention of the trial judge. An oral plea is quite sufficient. Carder v. Primm, 47 Mo. App. (St. L.) 301; Sanders v. Robertson, 23 Miss. 389; Smith v. Remington, 42 Barb. 75; Bromwell v. Estate, 139 Ill. 424.

3. The old judgment which lies at the root of this case seems to be the same which this court held to be a nullity in Houston's Admr. v. Thompson's Admr., 87 Mo. App. (St. L.) 63, upon the record as it then stood. But as the cause at bar is to be remanded for the reasons already given, we do not find it imperative to inquire whether or not the difference between the facts shown by the record in the case last cited and those dis-

closed on the present appeal is sufficient to avoid the effect of that adjudication.

The judgment should be reversed and the cause remanded. It is so ordered. *Bland, P. J.,* and *Goode, J.,* concur.