A. J. HINSHAW, Plaintiff in Error, v. Estate of ROBERT WARREN, Defendant in Error.

Springfield Court of Appeals, December 2, 1912.

1. JUDGMENTS: Bills and Notes: Sureties: Contribution. Where a judgment was based on a note which was signed by two defendants as sureties and one of the defendants paid the judgment, he is entitled to recover from the other defendant one half of the amount paid.

2. ————: Contribution: Statute of Limitations. In actions of contribution on judgment, the statutory period of limitation is five years and suit must be commenced within that time or the action is barred.

3. STATUTE OF LIMITATIONS: Death of Party: Administration. The death of a party will stop the running of the Statute of Limitations until letters of administration have been issued.

4. PROBATE COURTS: Administration: Filing Claims: Statute of Limitations. The delivery of a claim against the estate of a deceased person to the probate clerk at his home with no request for the clerk to file it, is not a filing of the claim within the meaning of the law and does not stop the running of the Statute of Limitations.

5. ADMINISTRATION: Presenting Claims: Waiver of Service by Administrator: Statute of Limitations. The waiver of service by the administrator on the claim against the estate, is not sufficient in itself to stop the running of the general Statute of Limitations of five years to which the claim was subject.

6. STATUTE OF LIMITATIONS: Estoppel: Administration. Where the plaintiff notified the administrator of the estate that he had a claim against the estate and the administrator agreed to waive service when the same was presented, and this conversation was long before the Statute of Limitations had run, the administrator is not estopped from pleading the Statute of Limitations when plaintiff delayed in presenting his claim until the statute had run.

7. PROBATE COURTS: Pleading: Appeal to Circuit Courts: Statute of Limitations. It is not necessary to file a written pleading in the probate court setting up the Statute of Limitations nor in the circuit court after the cause has been appealed thereto.

8. ————: ————: ————. The probate court hears and determines, demands in a summary way without formal pleadings, and on appeal to the circuit court, the cause is tried anew without formal pleadings.

Writ of error to Pulaski Circuit Court.—*Hon. L. B. Woodside*, Judge.

AFFIRMED.

*George M. Reed* for plaintiff in error.

(1) The first assignment of error is the refusal to give declaration of law numbered 2, requested by plaintiff in error. Wright v. Pratt, 17 Mo. 43; Lumber Co. v. Wright, 114 Mo. 326; McGrath v. Railroad, 128 Mo. 1; Nicholls-Shepard Co. v. Donavon, 67 Mo. App. 286; McFaul v. Haley, 166 Mo. 56; Baker v. Henry, 63 Mo. 517. (2) Sec. 194, R. S. 1909, declares: "And such claim shall be considered legally exhibited from the time of serving such notice or a waiver of such notice, in writing, by the executor or administrator." Little v. Reid, 75 Mo. App. 266; Ryans v. Boogher, 169 Mo. 673. (3) A debt that is barred by the Statute of Limitations is not, by the reason of that fact, satisfied or otherwise extinguished, but the man that owes the debt can avoid a personal judgment by pleading the statute. Cowan v. Mueller, 176 Mo. 192. (4) The Statute of Limitations is not available as a defense, unless specially pleaded. Hearne v. Railroad, 53 Mo. 324; Choteau v. Allen, 70 Mo. 290; Whiteside v. Manniker, 75 Mo. App. 364; Elson v. Pryor, 87 Mo. App. 157. (5) The statute could not be pleaded for the first time in the circuit court. Revelle v. Railroad, 74 Mo. 438; Bell v. Clark, 30 Mo. App. 224; Harper v. Urbank, 32 Mo. App. 258; Young v. Railroad, 33 Mo. App. 509; Johnson v. Blell, 61 Mo. App. 36; Harmon v. Armstrong, 5 Mo. 274; Win v. Cory, 48 Mo. 346; Berry v. Shakelford's Administrator, 30 Mo. 392.

*Holmes & Holmes* for defendant in error.

(1) The court did not commit error in refusing instruction No. 2. There is evidence on which to base

it.   Savings Bank v. Burgin, 73 Mo. App. 108; Nelson
v. Haeberle, 26 Mo. App. 3; Price v. McClause, 30 Mo.
App. 630.   (2)   The demand was barred by the Five-
Year Statute of Limitations.   R. S. 1909, Sec. 1899.
Burris v. Cook, 215 Mo. 496; Stewart v. Jones, 219
Mo. 638; Burris v. Cook, 117 Mo. App. 385; Loomis
v. Railroad, 165 Mo. 469; Prater v. Hargrove, 214 Mo.
142; Little v. Reid, 141 Mo. 242; Keys v. Keys, 217
Mo. 65; Savings Bank v. Burgin, 73 Mo. App. 116;
Hull v. Sherwood, 59 Mo. 172; Bauer v. Gray, 18 Mo.
App. 170.   (3)   Claimant is not entitled to contribu-
tion.   He was co-maker of the note.   It was his debt.
If he paid off the judgment that act extinguished the
judgment, and he has no right of action against his
co-makers of the note.   Burris v. Cook, 215 Mo. 496;
McPherson v. Meek, 30 Mo. 345; Wyatt v. Fromme, 70
Mo. App. 613; McGinnis v. Loring, 126 Mo. 404.

GRAY, J.—On the fifth day of October, 1904, a
judgment was rendered in the circuit court of Maries
county, in favor of the Pulaski County Bank v. W. W.
P. Hinshaw, Robert Warren, and A. J. Hinshaw. On
the 30th day of December of that year, A. J. Hinshaw
paid the judgment and costs in full.   Robert Warren
died on the 22d day of August, 1909, and letters of
administration on his estate were issued on the 27th
day of that month.   On the 30th day of December, A.
J. Hinshaw prepared a demand against the estate of
Robert Warren for one-half of the amount he had
paid on said judgment.   This demand was taken to the
home of the clerk of the probate court and there sworn
to by Mr. Hinshaw before said clerk, who redelivered
it to the representative of Mr. Hinshaw, who, in turn,
sent it to Edwin Long, the administrator of the War-
ren estate, who, by writing entered on the back of the
demand, waived notice of presentation of the same. On
the 6th day of January, 1910, the demand was filed
in the office of the clerk of the probate court.   On the

9th day of May, 1910, the probate court refused to allow the demand, and assigned as reason therefor that it was barred by the Statute of Limitations. From this judgment the plaintiff appealed to the circuit court, and was defeated on trial before the court on the 25th day of March, 1911, and appealed to this court, but his appeal was dismissed, and he afterwards sued out a writ of error in this court.

Was the probate court justified in refusing the demand, on the ground that it was barred by the Statute of Limitations? This is the only question in the case.

There was testimony tending to prove that the note on which the judgment of the Maries County Circuit Court was based, was signed by A. J. Hinshaw and Robert Warren as sureties for W. W. P. Hinshaw, and therefore, when the plaintiff in error paid that judgment on the 30th day of December, 1904, he was entitled to recover from Robert Warren one-half of the amount paid, provided he instituted his suit within the Five-Year Statute of Limitation. The death of Robert Warren, on the 22d day of August, 1909, stopped the running of the statute until letters of administration were issued on the 27th of the same month. If the delivery of the claim to the probate clerk at his home on the 30th day of December, 1909, was a filing of it with him as clerk of the court, or, if the acknowledgment of service on the claim by the administrator, on the 4th day of January, 1910, stopped the running of the Five-Year Statute of Limitations, then the judgment must be reversed.

The evidence shows that the claim was made out but not sworn to, and on the evening of the 30th, after the clerk had gone to his home from his office, it was delivered to him, and that he swore the plaintiff to it and fixed his jurat to the oath and delivered the claim to plaintiff's representative to be sent to the administrator for acknowledgment of service. There

was no testimony that the clerk was asked to file the claim, and it was not until the 6th day of January, 1910, that it was taken to the probate office and there marked "filed" by the clerk. If the plaintiff had delivered his claim to the clerk in the office of the probate court and requested him to file it, and then obtained possession of it from the clerk for the purpose of sending it to the administrator, we would not hesitate to hold that it was really filed in the office of the clerk on the 30th day of December. But to take a paper to the home of the clerk for the purpose of having it sworn to, and with no request for the clerk to file it, was not, in our judgment, the filing of the paper within the meaning of the law.

Did the delivery of the demand to the administrator on the 4th of January stop the running of the General Statute of Limitations?

Sec. 1756, R. S. reads: "The filing of a petition in a court of record, or a statement or account before a court not of record, and suing out of process therein, shall be taken and deemed the commencement of a suit." Our courts have, in several cases, measured the limitation statutes by this section, and whether a suit was commenced within the Statute of Limitations has been determined by whether the plaintiff instituted his suit within the meaning of this section.

The plaintiff in error claims the running of the general statute is arrested by serving the claim upon the executor or administrator, under Sec. 194, R. S. 1909, which reads: "Any person may exhibit his demands against such estate by serving upon the executor or administrator a notice, in writing, stating the amount and nature of his claim, with a copy of the instrument of writing or account upon which the claim is founded; and such claim shall be considered legally exhibited from the time of serving such notice or a

waiver of such notice, in writing, by the executor or administrator.

In order to properly construe this section, preceding ones must be considered. Section 190 deals with the classification of demands and requires that general demands be legally exhibited against the estate within one year after the granting of letters, in order to become fifth class demands; and that all demands exhibited after the end of one year, but within two years, shall be assigned to the sixth class. Section 191 provides that all demands not thus exhibited in two years shall be forever barred.

Now section 194 deals only with exhibiting of demands, and provides that a claim shall be considered legally exhibited from the time of serving the notice upon the executor or administrator. The Legislature, in these sections, was not dealing with the General Statute of Limitations at all, but only the special statute requiring claims to be exhibited and presented within a certain time. This is made apparent by Secs. 192 and 193, R. S. 1909. The first provides that actions pending against any person at the time of his death, which by law, survive against the representative, shall be considered demands legally exhibited from the time of the revival of the action; and section 193 provides that all actions commenced against executors and administrators after the death of the deceased shall be considered demands legally exhibited against such estate from the time of serving the original process on the executor or administrator.

Now these two sections clearly provide that, notwithstanding suits were commenced in courts of record which would stop the running of the General Statute of Limitations, the demands included in those suits must be exhibited to the administrator in order that they may be put in the proper class, and not barred by the administration Two-Year Statute of Limitations.

The exhibiting of a demand to the administrator within the first year so as to get it in the fifth class, or during the second year to keep it from being absolutely barred, and presenting the claim to the court for allowance, are different things. As said in Waltemar v. Schnick's Estate, 102 Mo. App. l. c. 139, 76 S. W. 1053: "A preceding section provides that 'all demands not exhibited in two years from the grant of letters shall be forever barred.' Another section provides that 'all demands exhibited after the end of one year and within two years after letters are granted shall be placed in the sixth class.' It seems to us that the object gained by an exhibition of a demand under the statute is to stop the running of the Statute of Limitations. But it is not the commencement of a suit on the demand, it is only the exhibition of the foundation of a suit to be thereafter commenced."

The Statute of Limitations referred to in the above quotation is the special statute found in the administration law. We concur in this view, that the object gained by exhibiting the demand is to stop the running of the special statute, and is not the commencement of the suit on the demand, but is only the foundation for a suit to be afterwards commenced.

In McFaul v. Haley, 166 Mo. 56, 65 S. W. 995, it is said: "The presentation of the judgment to the probate court in this case was in effect the institution of a suit on the judgment against the executor, as much so as would have been the presentation of a claim in the form of a note against the estate. Therefore, the twenty-year statute of presumption ceased to run when the claim was presented to the probate court."

Our view that section 194 has reference only to the time when claims and demands shall be considered exhibited within the meaning of section 191, is supported by the decision of the Supreme Court in McKee v. Allen, 204 Mo. 655, 103 S. W. 76. On page 675 of the opinion, and in construing section 193, the

court said: "This section, however, simply has reference to the time when claims and demands shall be considered exhibited within the meaning of Sec. 195, R. S. 1899."

The Legislature has the right to fix arbitrarily the time in which different actions may be commenced, and has fixed, in actions for contribution on judgments, the period of five years, and has provided that suit must be commenced within that time or the action is barred. The statute we have quoted provides that the filing of the petition in the court of record shall be deemed the commencement of the suit. According to our view, the section of the statute found in our administration law providing that demands shall be exhibited within two years, and what shall be deemed a proper exhibit of the demand, in no wise affects our General Statute of Limitations, and therefore, we hold that it was necessary for the plaintiff to file his demand in the office of the clerk of the probate court within five years from the day the plaintiff paid the judgment, after deducting the period of time between the death of the deceased and the granting of letters on his estate.

It is further claimed by the plaintiff in error that the administrator should be estopped from pleading the Statute of Limitations. We find nothing in the record on which to base an estoppel. It is true, several weeks before the claim was presented to him, he was notified that plaintiff had a claim, and the administrator agreed to waive service when same was presented. This was long before the Statute of Limitations had run, and did not estop the administrator from pleading the statute when plaintiff delayed in presenting his claim until the statute had run.

The plaintiff also insists that the Statute of Limitations must be pleaded in order to be available, and that it was not done in this case. The probate court refused the demand on the ground that it was barred

by the Statute of Limitations, and the evidence shows that this was an issue on the trial in the circuit court, and plaintiff asked instructions relating thereto. It was not necessary to file a written pleading setting up the Statute of Limitations either in the probate or circuit court. The probate court hears and determines demands in a summary way without formal pleadings, and on appeal to the circuit court, the cause is tried anew, without formal pleadings. To invoke the bar of limitation it was only necessary to bring that defense to the attention of the trial judge. [Wencker v. Thompson's Administrator, 96 Mo. App. 59, 69 S. W. 743.]

The judgment will be affirmed. All concur.