MARCEUS SAMUELS, Respondent, v. NANCY SHELTON AND MILTON C. WILLIAMS, Appellants.

1. *Conveyances — Sheriff's deed, defective acknowledgment of — Not aided by record.* — The record of a certificate of acknowledgment to a sheriff's deed, made by the clerk of a Circuit Court (Wagn. Stat. 612, § 56), is inadmissible to sustain an original acknowledgment thereof, where the latter was defective.

2. *Conveyances — Acknowledgment — Clerical error.* — A certificate of acknowledgment indorsed on the back of a sheriff's deed is not invalid because it recited that "he appeared in court and acknowledged that he executed and delivered a deed for the uses," etc., and did not specifically refer to the deed acknowledged. No material or necessary part of the certificate was omitted, and the intention was sufficiently clear on the face of the paper.

3. *Conveyances — Seal — Scrawl sufficient.* — In a sheriff's deed, a scrawl appended to his name, with the word "seal" written therein, is, under the laws of this State, a sufficient seal.

4. *Sheriff's deed* prima facie *evidence of the truth of its recitals.* — Where execution issues from the circuit clerk's office on a justice's transcript, and the land is sold by the sheriff, the recitals in his deed are *prima facie* evidence of the judgment and execution in the justice's court, and of the other facts recited, without the necessity of producing the transcript to prove the facts. But the recitals may be invalidated or destroyed by the party resisting the deed.

5. *Conveyance — Acknowledgment of by deputy sheriff in his own name invalid.*—An acknowledgment to a deed, of land sold under execution, made by a deputy sheriff in his own name, is invalid.

6. *Mechanic's lien on frame building would not authorize the sale of the land.* —Under the statute of 1855 (R. C. 1855, p. 1068, § 10), a mechanic's lien simply attaching to a frame building would not authorize the sale of the land.

7. *Equity—Notice—*Lis pendens.—A suit pending is not notice to a purchaser, so as to affect and bind his interest, until the writ served after petition filed.

## *Appeal from Adair Circuit Court.*

*Barrow & Millan*, for appellants, among other points made the following:

The court erred in admitting in evidence the sheriff's deed to David Mulanix. There was no evidence to show that an execution had ever been issued by the justice and returned *nulla bona*, nor before what justice the judgment it recited was rendered. (Carr v. Youse, 39 Mo. 346 ; McCormick v. Fitzmorris, 39 Mo. 32, 33.)

The deed is not acknowledged according to law. The certificate indorsed upon the deed fails to comply with the requirements of the statute. (Gen. Stat. 1865, p. 445, §§ 13, 14 ; *id.* 646, §§ 55, 56.) It does not refer to any particular deed. There is nothing to show that it has any relation whatever to that upon which it is indorsed. It does not state that Beaty was known to be the person whose name appears to the deed. (Allen v. King, 35 Mo. 216.) The record of the Circuit Court offered in evidence, even if admissible, cannot cure the defect. If a purchaser at a sheriff's sale takes a deed defectively acknowledged, he takes it at his peril. The statute requires the certificate of acknowledgment to be indorsed upon the deed itself. (Gen. Stat. 1865, p. 646, § 56.) But the record of the certificate was incompetent. The law simply requires the clerk, as an officer of the court, to make an entry of the acknowledgment, giving names of the parties to the suit and a description of the property conveyed, merely to show the final determination of the cause. There is nothing to show that the deed referred to in the record entry is the deed offered in evidence by plaintiff. It does not contain the statutory requisite to a valid acknowledgment. It does not pur-

port to be of the same date as the pretended acknowledgment upon the deed.

The court erred in admitting in evidence the deed to plaintiff, Marceus Samuels. There was no evidence before the jury that the parties signing the same were the heirs of David Mulanix, or that they were the only heirs.

The court erred in permitting the plaintiff to prove by Major P. Roberts that he was not served with process in the cause in which the decree was rendered. The pendency of the suit was notice from the time of the commencement of the same.

The evidence shows plainly that Roberts appeared in person or by attorney in the course of the trial, and such an "appearance to any regular steps in the progress of a cause is a waiver of notice." (Bonney v. Baldwin, 3 Mo. 49 ; Bartlett v. McDaniel, 3 Mo. 55 ; Denton v. Noyes, 6 Johns. 295.)

The decree against him cannot be impeached collaterally. (Bernecker v. Miller, 44 Mo. 102.)

*Ellison & Ellison*, for respondent.

The names of the parties to a suit, and the description of the property sold, need not be indorsed on the back of the sheriff's deed in the acknowledgment thereof. Such matter is only required to be entered in the record. (Wagn. Stat. 612, § 56; 41 Mo. 242.)

As to the sufficiency of the sheriff's deed from Roberts to Mulanix in regard to recitals, see 42 Mo. 219.

Appellant's sheriff's deed, acknowledged in name of deputy sheriff, is utterly void. (1 Mo. 504 ; Atwood v. Reyburn, 5 Mo. 533 ; 7 Mo. 362.) The fact of a deed being made and acknowledged by a deputy sheriff would perhaps not vitiate it, but he must do this in the name of his principal. (Harriman *et al.* v. State, 1 Mo. 504; Atwood v. Reyburn, *supra;* 7 Mo. 362.)

Shook not having any interest in the ground, the purchaser at sheriff's sale could only buy the building, and not that unless he removed the same within a reasonable time. In this case the sale under the mechanic's lien judgment took place October 15, 1860, while this ejectment suit was not instituted till May, 1867.

A lapse of seven years is beyond the reasonable time contemplated by the statute.

The existence of the suit on which decree was founded was no notice to the purchaser at sheriff's sale, for the reason that there was never any service on Major P. Roberts so as to constitute a *lis pendens*, and there was no evidence of his appearance in person or by attorney. The suit, therefore, was no *lis pendens*. (40 Mo. 572 ; 1 Johns. Ch. 566.)

WAGNER, Judge, delivered the opinion of the court.

The action was ejectment to recover the possession of a lot in Linder's addition to the town of Kirksville. Each party claims from one Bailey as a common source of title. The ruling of the court, in admitting and rejecting evidence for the respective parties, constitutes the real and substantial question in the case. There was a deed from Bailey to one Major P. Roberts offered by plaintiff, and to this there was no objection. The plaintiff then offered and read in evidence a deed from the sheriff of Adair county to David Mulanix, dated June 1, 1860, conveying Major P. Roberts' title to the lot. This deed recited that the property was sold upon an execution issued from the office of the clerk of the Circuit Court, upon a transcript from a justice of the peace, etc. The objections interposed to the admission of this deed in evidence were : first, that it was not acknowledged and certified according to law ; second, that it was not sealed ; and third, that plaintiff did not first produce the transcript of a judgment legally rendered by a justice of the peace, filed, recorded and docketed among the judgments of the Circuit Court, and showing affirmatively that prior to the issuing of the execution under which plaintiff claimed said deed to have been made, execution was issued by the justice to the constable of the township in which the defendant therein resided, and by him returned *nulla bona*. The objections were all overruled by the court, and the defendant saved his exceptions. The plaintiff, to obviate the first objection and to aid the acknowledgment, read the record of acknowledgment made by the circuit clerk to the sheriff's deed. This, we think, was clearly inadmissible, as the deed itself must contain

the necessary certificate; and a defective certificate of acknowledgment cannot be sustained or helped by a resort to extraneous testimony. But the question then recurs, was the acknowledgment indorsed on the deed so defective as to render it inoperative?

The statute requires that the clerk of the court shall indorse on the sheriff's deed a certificate of the acknowledgment or proof under the seal of the court, and shall make an entry of such acknowledgment or proof, with the names of the parties to the suit and a description of the property thereby conveyed. (Wagn. Stat. 612, § 56.) Under this section, the names of the parties to the suit and the description of the property conveyed must be entered of record, but are not required to be included in the certificate of acknowledgment indorsed on the deed. The certificate made by the clerk on the deed is as follows:

"Andrew Beaty, sheriff of said county, appeared in open court and acknowledged that he executed and delivered a deed to David Mulanix, as his voluntary act and deed, for the uses and purposes therein expressed."

The only objection that can be plausibly urged against this certificate is that it does not specifically refer to the conveyance, but uses the phrase "a deed." This is without doubt a mere clerical error. The deed sets out the execution, the transcript and sale, and the purchase by Mulanix, and the certificate of acknowledgment is placed upon this deed by the clerk. It obviously refers to this deed and no other, and the mere inadvertence or clerical error of the officer making the indorsement ought not to be permitted to invalidate it. Had the certificate omitted a material or necessary part, it could not have been supplied by parol evidence; but here nothing is omitted, and the intention is sufficiently clear on the face of the paper.

The second objection, that there is no seal to the deed, is not true in point of fact, for the record shows that there is a scrawl appended to the sheriff's name, with the word "seal" written therein. This, according to the law of this State, is sufficient.

The third objection proceeds upon the hypothesis that before the deed was admissible in evidence it was necessary to produce the transcript of the judgment, showing that every step had been

Samuels v. Shelton et al.

taken which would authorize the issuing of an execution. This was undoubtedly the rule at common law, but our statute has changed it.

In McCormick v. Fitzmorris, 39 Mo. 24, it was decided that under our statute the recitals in the deed of the sheriff conveying the land of the defendant in the execution are presumptive evidence of the existence of the judgment and execution, and the other facts recited in the deed, and that the plaintiff need not produce the judgment and the execution. This principle was subsequently affirmed and applied to transcripts from justices' dockets (Carpenter v. King *et al.*, 42 Mo. 219), though in all such cases the recitals in the sheriff's deed amount to presumptive proof only, and may be destroyed or invalidated when attacked by the party resisting it. It is now the established doctrine that a copy from the docket of a justice of the peace certifying that an execution issued to the constable of the township in which the defendant resided, and setting out the return of the constable of *nulla bona*, is *prima facie* evidence to authorize the clerk of the Circuit Court to issue an execution on the transcript. (Ruby v. Hann. & St. Jo. R.R., 39 Mo. 480; Franse v. Owens, 25 Mo. 329; Burke v. Miller, 46 Mo. 258.)

It is not perceived that this principle can work any injustice, for upon any objection being taken to the regularity of the execution on a motion to quash, the defendant may show the defect either in the justice's process or the constable's return. I see no error, therefore, in the action of the court in overruling the defendant's objection to the introduction of the sheriff's deed.

The plaintiff next, to complete his chain of title, read a deed from the heirs of Mulanix to the plaintiff for the lot in controversy, dated on the 9th day of March, 1864, and then rested. The objection to this deed was that it did not appear that Mulanix was dead, or that the parties conveying were his heirs. But that objection was met and surmounted by proof; and moreover, it was a question of fact upon which the verdict of the jury was conclusive. The defendant then offered in evidence a deed dated October 20, 1859, purporting to be from J. G. Oldum, sheriff and conveying the title of John Roberts in the property.

29—VOL. XLVIII.

to them.. .This was objected to by the plaintiff on the ground that it was not properly acknowledged. The objection was sustained. There can be no doubt as to the propriety of the ruling of the court in this matter. The deed was acknowledged by the deputy sheriff in his own name as deputy, and therefore was no acknowledgment at all. The deputy can only act in the name of his principal. (Atwood v. Reyburn, 5 Mo. 533 ; Evans v. Wilder, 7 Mo. 362 ; McClure v. Wells, 46 Mo. 311.)

The next deed offered in evidence was a sheriff's deed dated October 17, 1860, in which the sheriff purported to convey the lot to one of the defendants in consequence of a sale arising upon a mechanic's lien in favor of Ransom and Shook. The lien was on account of materials furnished by Ransom to Shook, who built a small frame house upon the premises. This deed was read in evidence and the plaintiff objected, but the record nowhere shows that the objection was sustained. But it does not appear that Shook possessed any title to the premises. The lien attached to the building in preference to all other liens, but under the statute then in existence it only gave the purchaser the privilege of removing it within a reasonable time. (R. C. 1855, p. 1068, § 10.)

The next and last evidence introduced by the defendants was a decree rendered in the Circuit Court of Adair county in 1864, wherein one of the defendants in this suit was a plaintiff, and Major P. Roberts and John Roberts were the defendants. The decree in terms finds that Major P. Roberts had no interest in the lot, but that the same belonged to and was the property of John Roberts; and then proceeds to divest the title of John Roberts and invest it in the plaintiff. The plaintiff objected to the introduction of this decree, first, because it was not shown that Major P. Roberts was served with process prior to May 21, 1860, the date of the sheriff's sale to Mulanix, so as to constitute a notice of *lis pendens ;* second, because the decree was irrelevant and insufficient, and was a nullity on its face. Whether Major P. Roberts was ever served with process in the suit does not definitely appear. He swears that he was not, but that would not avail the plaintiff if the proceedings anywhere showed a service or an appear-

ance by him, or even a recital that he did appear; for no man will be allowed to aver anything contrary to the record. Unhappily, the court-house in Adair county has been burned, together with a large portion of the records of the county, and there are only fragmentary parts of the record embodied in this transcript. The summons and sheriff's return thereon, also the petition and answer, are wholly wanting. At a subsequent term of the court in 1862 (the original petition being filed in 1860), there is an entry made that the defendants have leave to file an amended answer. On whose application the order was granted is not stated. It is doubtful whether the record shows any such appearance on the part of Major P. Roberts as would bind him. At all events, we are satisfied that the record does not show any service or appearance on the part of Roberts, so as to constitute notice of *lis pendens*, till long after the purchase of Roberts' interest by Mulanix. (Fenwick v. Gill, 38 Mo. 525; Metcalf v. Smith's Heirs, 40 Mo. 572.)

Such being the case, we see no reason for interfering with the ruling of the court in excluding the decree. These are all the points raised, and they being settled, the result is that there was no error in the action of the court in giving and refusing instructions.

Judgment affirmed. The other judges concur.