CHARLES McCLURE, Respondent, *vs.* J. W. McCLURG, Appellant.

1. *Sheriffs' deeds—Acknowledgment, certificate of—Extrinsic evidence.*—The certificate of acknowledgment by a Sheriff to a deed must be within and of itself complete, and no extrinsic evidence can be invoked to eke out its recitals. [Samuels vs. Shelton, 48 Mo., 444.]
2. *Sheriff—Deeds—Acknowledgment—Open court—Informality.*—An acknowledgment of a deed by a Sheriff, certified to by the Clerk of Court and stated by him to be entered of record in the records of said Court, is not invalidated because stated to be taken before the judge. . It is evident that the clerk used the words "Judge of the Court" as synonymous with "Court," and it may be regarded as a mere informality.

*Appeal from Greene Circuit Court.*

*J. S. Phelps,* for Appellant, relied on Allen vs. King, 35 Mo., 216; Scruggs vs. Scruggs, 41 Mo., 242; Ryan vs. Carr, 46 Mo., 483; Adams vs. Buchanan, 49 Mo., 64; Payne vs. Collier, 6 Mo., 321.

*J. P. Ellis,* for Respondent.

I. This acknowledgment was taken, according to its terms, before "the Judge of the Greene Circuit Court" and not before the court itself, as is required. (W. S., 612, §§ 55, 56.)

II. The record of acknowledgment made by the Circuit Clerk cannot be introduced to sustain the deed. (Samuels vs. Shelton, 48 Mo., 444; Allen vs. King, 35 Mo., 225; Scruggs vs. Scruggs, 41 Mo., 242; Ryan vs. Carr, 46 Mo., 484; Adams vs. Buchanan, 49 Mo., 64.)

SHERWOOD, Judge, delivered the opinion of the court.

Action of ejectment brought in the Greene Circuit Court by Charles McClure against J. W. McClurg. Petition and answer in usual form.

Both parties claim under John Thurman, as the common source of title. The plaintiff read in evidence a deed from Thurman to Samuel Prophet, dated July 17th, 1867, for the land in controversy, and also a deed for the same land, from Prophet to the plaintiff.

The defendant offered to read in evidence a deed to him-

self for the land sued for from the Sheriff of Greene county, dated September 1st, 1863, reciting a judgment recovered against Thurman, the common source of title, the issuance of execution, the levy of the same on said land, and the sale of the land to defendant after due advertisement, etc., etc.

The plaintiff objected to the introduction of this deed in evidence, on the ground, that it had not been acknowledged in open court.

The certificate of acknowledgment was in this form:

STATE OF MISSOURI, } ss.
   County of Greene, }

Be it remembered that on this 3d day of October, 1863, personally appeared before the Judge of the Greene Circuit Court of Greene county, Missouri, Thomas A. Reed, Sheriff of said county, and acknowledged that he executed the foregoing deed as Sheriff aforesaid, for the uses and purposes therein contained, which said acknowledgment is entered on the records of said court of said date, in record book " F," page 222.

In witness whereof, I, M. J. Hubble, Clerk of said court have hereunto set my hand and seal, this 3d day of SEAL October, A. D., 1863.

                           M. J. HUBBLE, Clerk.

By E. M. HENDRICK, D. C.

The defendant then offered in aid of such deed the record of the Greene Circuit Court, showing that the deed had been acknowledged by the Sheriff in open court, which record entry was in the usual form. The court refused to permit the deed, and the entry of its acknowledgment, to be read in evidence, and defendant excepted, and judgment being given for the plaintiff the defendant, after moving unsuccessfully for a new trial, brings this cause here by appeal.

There was no error in refusing to admit the record in aid of the certificate of acknowledgment. The certificate, as its very name imports, must be within and of itself complete, and no extrinsic evidence can be invoked to eke out its recitals. This was so held in Samuels vs. Shelton, 48 Mo., 444.

McClure v. McClurg.

It only remains to pass upon the sufficiency of the certificate of acknowledgment, now before us. In the case just cited the certificate, among other things, recited that the sheriff " executed and delivered a deed to David Malanix," and it was there held that the phrase " a deed " was a mere clerical error or inadvertence; that the certificate evidently referred to the deed on which it was indorsed, and that no mere informality should be permitted to invalidate it. Let us apply here the rule there enunciated. In the present instance it is sufficiently plain, that the clerk in using the expression "judge of the Greene Circuit Court" regarded and used judge and court, as synonymous terms; this is evident from the fact, that the residue of the certificate is in the usual form; is not signed by the judge, but is signed by the clerk, is authenticated by the seal of the court, and states that the " acknowledgment is entered on the records of said court of said date," giving book and page.

In view of all these circumstances I think it would be going a great way to hold that this acknowledgment was privately taken, either before the judge or the clerk, and was therefore inadmissible. It would be a ruling fraught with great danger to those whose titles depend on judicial proceedings, to hold that these certificates should be construed with strict regard to the very letter of the law, and rejected as inadmissible whenever they fail to come up to the hypercritical requirements of technical nicety.

Though obviously informal, I regard the certificate as sufficient. For these reasons the judgment will be reversed and the cause remanded.

The other Judges concur.