## REBECCA CULBERTSON et al. v. W. C. EDWARDS et al., Appellants.

### Division One, May 31, 1912.

1. SHERIFF'S SALE: In Solido: Delay: Subsequent Purchasers: Non-residents. A sheriff's sale of a section of land in bulk. will not be set aside on that ground if the defendants were not purchasers at said sale and had no knowledge that the sheriff had abused his discretion in selling in bulk and no seasonable application is brought to set the sale aside. And a delay of twenty-three years is not excusable on the ground that the owners at the time of the sale and up until their death were non-residents and the present plaintiffs (their heirs) have at all times been non-residents and brought suit to set the sale aside as soon as they heard of it.

2. ———: ———: Only Voidable: Discretion. A sale of land for taxes *in solido* is not void, but only voidable, and then only when there is proof that the sheriff abused his discretion by selling in bulk. And where the positive evidence is that the land was of small value and sold better in large tracts (such as sections) than by similar portions, the sale should not be set aside because of a sale *in solido.*

3. ———: To Circuit Judge. The fact that the circuit judge bought the land at the sheriff's sale for taxes, and the deed named him as grantee, and that he presided over the court when the deed was acknowledged by the sheriff, did not render the deed void.

4. ———: Mistake in Date of Deed: Deed Antedating Sale. A mistake in the exact date of the sale of the land in the sheriff's

243 Sup.—28

deed is immaterial, if a judgment was duly rendered and there was a public sale during term time. So that a recital in the deed that a sale was made one day prior to the advertised sale is not material, but may be shown by evidence to be a mistake, and that the sale was made on the advertised day, and if that is shown the misrecital is unimportant.

5. ———: **Valid: Quieting Title: Dissolution of Trust Relation.** Where the sheriff's sale and deed are held to be no longer vulnerable to attack and to have passed the title to the present defendants, and one of them is shown to have purchased at an administration sale and took the title in himself as trustee for two other defendants, then minors but now of lawful age, the court, upon a proper prayer, should quiet the title in those two defendants.

Appeal from Pemiscot Circuit Court.—*Hon. H. C. Riley,* Judge.

REVERSED AND REMANDED (*with directions*).

*Ward & Collins* for appellants.

(1) The sheriff's deed in controversy is invulnerable, legal and good in all respects and the trial court could not legally decree it null and void and cancel it. Said deed being good, defendants obtained, through mesne conveyances from said deed, whatever title, if any, plaintiffs' ancestors had in said land. The land was not sold one day earlier than it was advertised. "The recitals in the sheriff's deed are only prima facie evidence that the things therein stated are true." R. S. 1909, sec. 11501; Hogan v. Smith, 11 Mo. App. 316. Respondents insisted in the trial that parol testimony was incompetent to contradict the recital in the sheriff's deed; but since the statute only makes this deed prima facie evidence, it is subject to be overcome by proof; and the proof as to what day the land was sold could only be made by parol testimony, so its competency goes without question. The reason why parol testimony should not be admissible to contradict written instruments executed by the parties is that the par-

ties are estopped to deny them, but this sheriff's deed is not the act of the parties and is only prima facie evidence of its recitals at best and so made by statute. Greenleaf on Ev. (Redfield Ed.), sec. 396A, p. 341; Buchanan v. Tracy, 45 Mo. 437; Ladd v. Shipley, 57 Mo. 558. It became a question of fact for the trial court to determine whether or not the land was in fact sold on the day it was advertised or some other day. The presumption of law is that the sheriff did his duty and sold the land on the day it was advertised. State ex rel. v. Audrey, 209 Mo. 640; State ex rel. v. Hawkins, 167 Mo. 621. Also the land was sold in 1882 and the plaintiffs remained silent for twenty-three long years, asking no questions, permitting defendants to pay taxes. Lacks v. Bank, 204 Mo. 455; Ancell v. Bridge Co., 223 Mo. 230. (2) The deed could not be canceled because the land was sold in bulk. Shelton v. Horrell, 232 Mo. 358; Shelton v. Franklin, 224 Mo. 263; Griffin v. Franklin, 224 Mo. 667; Turner v. Hunter, 225 Mo. 85. No damage was shown. It was not shown that the sheriff abused his discretion. There was no seasonable application for redress. There was no notice to defendants of a sale in bulk. Shelton v. Horrell, 232 Mo. 358; Griffin v. Franklin, 224 Mo. 682; Turner v. Hunter, 225 Mo. 71.

*V. J. Higgs* and *Faris & Oliver* for respondents.

GRAVES, P. J.—Action to cancel a sheriff's deed. The plaintiffs are the heirs-at-law of Wm. A. Culbertson and Robert L. Williams. The action involves a section of land in Pemiscot county, which was sold under execution upon a tax judgment in the year 1882.

The petition charges that the tax deed was made to the purchaser, John D. Foster, who at the time was judge of the circuit court of said county. It further charges that the sale to Foster was made on September 5, 1882, whilst the land was advertised to be sold

September 6, 1882. In other words, that the sale was made one day ahead of the time fixed in the notice of sale. As another ground for setting aside the sher· iff's deed, it is charged that the land was sold in bulk and not in its smallest legal subdivisions as required by statute, and that it sold for only twenty dollars when it was worth $1600. The petition also avers that their ancestors, mentioned above, were not residents of Missouri, and that they (the plaintiffs) brought their suit as soon as they were advised that they had any interest in the land.

This suit was filed in March, 1905, or nearly twenty-three years after the tax sale. By their prayer to their petition plaintiffs ask that the tax sale be set aside, "and for such other, further and different relief as in equity and good conscience plaintiffs may be entitled in the premises."

Defendant's answer is (1) a general denial, (2) specific denials of the vital allegations of the petition, (3) plea of innocent purchasers for value, (4) the five-year Statute of Limitations. They also in one paragraph of the answer aver that they claim the fee simple title to the land, and ask the trial court to ascertain and determine the title thereto.

The judgment, *nisi*, was for the plaintiffs, and defendants have appealed. Respondents do not brief the case here. Points made, so far as necessary for the final determination of the case, will be noted in the opinion.

I. It will be observed that there are but three alleged reasons assigned by the plaintiffs for cancelling the deed, (1) because the land was sold *in solido*. (2) because the purchaser was the judge of the court under whose judgment the land was sold, and (3) because the sale was made one day prior to the day fixed by the notice of sale.

As to the first ground, it is evident that the peti-·tion fails to state facts sufficient to make it good un-

der the rule announced in Shelton v. Franklin, 224 Mo. l. c. 363, whereat we said:

"From the cases we take the rule to be (1) that the statute is directory, (2) that by it some discretion is allowed the officer, (3) that an abuse of this discretion may be and should be reviewed by the court either upon motion or direct attack by a bill in equity, (4) that this attack should be made in seasonable time, (5) that the abuse of the sheriff's discretion by a sale *in solido* is only an irregularity which may render the deed and sale voidable and not void.

"To these conclusions may be added that the attack by bill in equity is good as against a subsequent purchaser with knowledge or notice of the unwarranted violation of the sheriff's discretion and knowledge or notice of the injury done the execution debtor thereby.

"So that under these authorities the deed in question is not void upon its face for the reason now under discussion, but is only voidable. To make a case the plaintiff would have to show (1) a sale *in solido*, (2) that such was abuse of the discretion lodged with the sheriff, (3) consequent damage and injury to the judgment debtor, (4) a seasonable application for redress, and (5) if against a subsequent grantee knowledge and notice upon his part of the things mentioned in the preceding paragraph, and reiterated in the first three numbered subjects in this paragraph."

The defendants in the case at bar are not the purchasers at the tax sale, and there is no allegation in the bill that they bought with the knowledge that the sheriff had abused his discretion in selling the land *in solido*. But in this regard the bill is aided by the answer, which specifically pleads that defendants purchased without such knowledge. But whilst this is true, yet there is no allegation in the bill which indicates "a seasonable application for redress." This suit was brought twenty-three years after the sale,

and the only reason for the delay assigned in the petition is: "Plaintiffs further state that, at the time of the sale of the land herein described and referred to, the said Wm. A. Culbertson, Wm. S. Culbertson and Robert L. Williams were non-residents of the State of Missouri, and were at all times up to the date of the sale of the land non-residents and up until their respective deaths and at no time did they have any agent to do any authorized act or thing that would in any way estop them from claiming or ascertaining their rights or in any way deprive these plaintiffs from so doing, and that these plaintiffs herein employed counsel to institute this proceeding immediately upon being advised of their interest in the real estate aforesaid and of learning the facts herein set out."

These facts, even if true, could not excuse a delay of twenty-three years. The Shelton-Franklin case is one in which all the questions were thoroughly threshed out by this court, and under it the bill in this case is at least defective in the particular above mentioned. But we need not rest a reversal of this judgment upon this ground. The whole record is against plaintiffs. We therefore take the several contentions made by them in order.

II. The proof shows a sale *in solido*, but it fails to show that these defendants had any knowledge of the fact that the sale was so made, or any knowledge of the fact that if so made, the then owners of the land had been injured thereby. On the contrary the proof affirmatively shows that these defendants (who were subsequent grantees of the tax-sale purchaser) had no knowledge of the fact that the land was so sold. Other proof further shows that land so situated would have sold to a better advantage *in solido* than in small tracts. In such case the sheriff in his discretion could so sell it. The case was tried before the Shelton-Franklin case, and the trial court evidently took the

position that a sale *in solido ipso facto* voided the deed. Such is not the law.    Later cases have followed the Shelton-Franklin case on the question here involved. [Shelton v. Horrell, 232 Mo. 358; Griffin v. Franklin, 224 Mo. 667; Turner v. Hunter, 225 Mo. 71.]

We can say in this case as LAMM, J., said in Griffin v. Franklin, 224 Mo. 1. c. 682:  "In the case at bar the petition alleged that the land was sacrificed by selling *en masse*, but plaintiff introduced no proof to sustain the allegation.    The defendant, however, assumed the laboring oar in showing that no injury resulted to the landowner by putting up the property at vendue in bulk and knocking it down to the highest bidder in that form."

The positive evidence in this case is that owing to the worthlessness of the lands in question at that time, sales in bulk got better results than sales of smaller portions thereof.    The plaintiff in the case at bar made no proof upon the question, and let the case rest upon defendant's proof.    On the facts, therefore, the finding should have been for defendants.

III.    The facts are that John D. Foster was the circuit judge and bought the land at the tax sale, and that he presided over the court when the sheriff's deed was acknowledged.    This does not make the deed void under the decisions of this State.

In Lewis v. Curry, 74 Mo. 1. c. 52, this court said: "There is no objection to the sheriff's deed because of its acknowledgment, either as to form or substance. The acknowledgment was not taken before the Hon. Samuel Richardson, one of the grantees in the deed, but it was taken before the court over which Judge Richardson presided.    [McClure v. McClurg, 53 Mo. 173.]    As the deed had to be acknowledged in open court, it, of necessity, had to be acknowledged in the court from whence the execution issued, else the acknowledgment could not have been taken at all, since

the statute does not authorize the judge of an adjoining circuit to be called in to sit and hold court for the mere purpose of taking the acknowledgment of a sheriff's deed. These considerations sufficiently show that the rule ordinarily applicable where an acknowledgment is taken before an individual, as for instance, a notary, who is named as a grantee in the deed, does not apply to cases of this sort."

In the Lewis case, supra, there was a judgment of the circuit court foreclosing a mortgage. Judge Richardson was one of the purchasers at the sale and one of the grantees in the deed. The sheriff acknowledged the deed before the court over which Judge Richardson was then presiding. The language above quoted was upon these facts. This ruling precludes the plaintiffs upon this point in their petition.

IV. Next it is urged in the petition that the sale was made one day prior to the advertised date. Upon this question the trial court found against the plaintiffs. Proof was taken and the court found that the sale was actually made on September 6th, 1882. Under this proof the court could not have well found otherwise. The recitation in the tax deed of September 5, as the day of the sale was a mistake. This question, like the one last discussed, has received elaborate consideration by BLISS, J., in Buchanan v. Tracy, 45 Mo. l. c. 442, whereat he concluded a long discussion of the point thus:

"But it does not follow that every essential fact or transaction must be recited truly, in all its details, and that a mistake, as of date, is the same as a total omission. This would exclude the toleration of any clerical error, and would be contrary to our whole system. When a date is material—is of the essence of the act it must be truly given; but this sale would be just as lawful on the 4th as on the 5th. A distinction should be made between a total omission of a necessary re-

cital, or between such error in it as would render the proceeding invalid, and a clerical mistake that in no way affects the instrument on its face. Such was the mistake considered in the case of Stewart v. Severance (43 Mo. 322), and I can see no grounds for the alleged difference between the clerical errors of a sheriff and clerk. The same reasons hold why the purchaser should not be affected by the one as the other. The recitals are not his acts, and his deed is good upon its face. The term refers not so much to the character of the officer who makes the mistake, as to the character of the mistake; and the principle involved in that case is precisely the same as in this. The statute as expressly requires the date of the judgment to be given as the time of the sale, and, besides, an error of the clerk in the date of the judgment is almost of necessity carried by the sheriff into the deed. The fact of a judgment duly rendered, and the fact of a public sale during a term of court, are both material. They are the foundation of the sheriff's deed, and it is worthless without reciting them. But it is not material whether the judgment be taken or the sale be made one day or another of the term; hence, the mistake in the exact day is an immaterial one. It harms no one. In the case at bar the deed shows upon its face that the proceedings were legal, as they were in fact, and mere clerical errors, to which all officers are liable, should not, upon an immaterial point, be permitted to invalidate a regular proceeding.''

Under the law as stated by Judge BLISS, there is nothing in this contention of plaintiffs and the trial court was evidently of the same opinion. From this it follows that the judgment, *nisi*, must be reversed, and the only question is as to whether or not we should go further. That question we take next.

V.   Defendants William R. Edwards and Ben K. Edwards ask in their answer that the court ascertain and determine the title to this land and pray that they be declared to be the owners thereof. Should this be done? We think so.   The facts are these.   William C. Edwards bought the land at administration sale, had in winding up the estate of John H. Foster.   He took the title in his name as trustee for his two sons, William R. and Ben K., who were then minors.   He makes no claim to the land as his own.   If the tax deed is good as to the defendants, as we have held, then they have a clear record title to the land.   We shall not discuss the Statute of Limitations, because it cannot be said that twenty-three years is a reasonable time in which to attack what may be deemed a voidable tax sale or deed.   The trial court should have decreed title in the two defendants, William R. and Ben K. Edwards. That this may yet be done, we will reverse the present judgment and remand the cause with directions to the circuit court to enter up a proper decree ascertaining and determining the title to the land in dispute to be in these two defendants, and decreeing the title to be in them in fee simple.   All concur; *Valliant, J.,* in result only.