FELIX L. BAUMANN, Appellant, v. CHARLES W. HORN, Trustee, LILLIE L. HORN, et al., Respondents.

St. Louis Court of Appeals. Opinion Filed June 4, 1918.

1. **SHERIFFS AND CONSTABLES:** Construction of Statutes: Constable's Bill of Sale: Conclusiveness: Evidence. A constable's bill of sale purporting to convey shares of corporate stock is not controlled by the provisions of Rev. St. of Mo., 1909, section 2231, making sheriff's deeds to real estate sold under execution prima-facie evidence of the truth thereof, nor does section 2230, relating to sales of corporate stock, make the recitals of such a bill of sale prima-facie evidence of the truth of the matters so recited, and hence the recitals of such instrument do not constitute prima-facie evidence to show that there was a valid judgment, execution, levy, and sale.

2. **FRAUDULENT CONVEYANCES:** Husband and Wife. Conveyances from husband to wife are to be closely scrutinized to see that they are not made for the purpose of defrauding creditors.

3. ———: ———: Evidence. In an action by a creditor, evidence *held* to warrant the finding of the chancellor that a conveyance of corporate stock by a husband to his wife was in good faith and upon full consideration.

Appeal from the Circuit Court of the City of St. Louis. —*Hon. William M. Kinsey,* Judge.

AFFIRMED.

*R. M. Nichols* and *M. A. Haldeman* for appellant.

(1) The bill of sale was admissible in evidence because it is specially provided for by statute. R. S. 1909, secs. 2227 and 2230. (2) The duties of a constable are the same as the duties of a sheriff, and the "General Code" is made applicable to justices of the peace and constables. R. S. 1909, secs. 2201, 2202, 2224, 2247, 2248, 2249; Stegall v. Pigment & Chemical Co., 150 Mo. App. 285; Huhn v. Lang, 122 Mo., 606; Swallow v. Duncan,

18 Mo. App. 629. (3) The statute specially declares an execution of a justice of a peace to be a lien upon shares of stock of a corporation. R. S. 1909, sec. 7546. (4) If the court subsequently ruled out the bill of sale on the objection made, viz., "on the ground that the bill of sale, standing alone, is no evidence," then the court should have granted a new trial to enable plaintiff to produce other evidence. (5) The objection to the introduction of the bill of sale was general, "on the ground that the bill of sale, standing alone, is no evidence" (Rec., p. 17). As against such general objection, if there could be any informality in it which is not admitted, the bill of sale was clearly admissible. Failure to state any specific objection to the bill of sale is a waiver. Vanstone v. Goodwin, 42 Mo. App. 47; 10 Cyc, p. 366; Hannibal, etc., R. Co. v. Moore, 37 Mo. 338; Bogie v. Nolan, 96 Mo. 85; Babb v. Curators, Etc., 40 Mo. App. 173; Peck v. Chouteau, 91 Mo. 138; Davis v. Hilton, 17 Mo. App. 319; Parsons v. Railroad, 94 Mo. 292. (6) The bill of sale at least made out a prima-facie case for plaintiff of the sale and all the facts therein stated. If defendant Lillie L. Horn, or any of the other defendants, desired to question the right of the officers of the justice court to make the sale of the stock, it was their duty to take proper legal steps to stop the sale by direct action, after the advertisement of the sale was started by the officers of the justice court, or to have claimed the property by way of exemption, or otherwise, if Lillie L. Horn had any right of exemption. Having failed to take such action, defendants are now concluded by the recitals in the bill of sale. Defendants had full knowledge of every step taken in the justice court, because Lillie L. Horn filed a mere general denial in this case, showing that she was unable to plead a single irregularity in the sale. Scharff v. McGough, 205 Mo., 358 Jordan v. Surghnor, 107 Mo. 524; Huxley v. Harrold, 62 Mo. 516; Baird v. St. Louis Hospital Assn., 116 Mo. 419; Samuels v. Shelton, 48 Mo. 444; Pattee v. Thomas, 58 Mo. 164; McCormick v. Fitzmorris 39 Mo. 24; Kendall, etc., v. Bain, 46 Mo. App.

581; Halderman v. Stillington 63 Mo. App. 212; Sharp v. Sturgeon, 66 Mo. App. 191; Brown v. Loos, 66 Mo. App. 211; Cousins v. Bowling, 100 Mo. App 168; Bobb v. Graham, 15 Mo. App. 289; Evans v. Robberson, 92 Mo. 192. (7) Defendants were not entitled to show in this proceeding, if they could, that there was any irregularity or informality in the proceedings in the justice court, because this would amount to a collateral attack on said proceedings, which is not permitted; besides, the proceedings of an inferior court will not be disturbed for mere errors or irregularities; furthermore, no attempt was made to question any of the proceedings in the justice court. But no such showing could have been made under a general denial, such as filed by Lillie L. Horn. Lumber Co. v. Carroll, 255 Mo. 367; Lovett v. Russell, 138 Mo. 482; Abels v. Webb, 186 Mo. 233; Lingo v. Burford, 112 Mo. 149; Union Depot Co. v. Frederick, 117 Mo. 138; Hardin v. McCanse, 53 Mo. 255; Brecht v. Corby, 7 Mo. App. 304. (8) A voluntary conveyance by a husband to his wife will be closely scrutinized when the same comes in conflict with creditors, and a transfer of property to avoid creditors is void as to such creditors. The evidence of five witnesses shows that Mrs. Horn had full knowledge of the large indebtedness of her husband. Cole v. Cole, 231 Mo. 237; Zehnder v. Stark, 248 Mo. 46; Snyder v. Free, 114 Mo. 360; Bracken v. Milner, 99 Mo. App. 191; Hoffman v. Nolte, 127 Mo. 120; Balz v. Nelson, 171 Mo. 682; Bank v. Winn, 132 Mo. 87; Farwell v. Meyer, 67 Mo. App. 566; Scharff v. McGaugh. 205 Mo. 364; Benne v. Schnecko, 100 Mo. 256; Loehr v. Murphy, 45 Mo. App' 524; Kennish v: Safford. 193 Mo. App. 362. (9) Three conditions must concur to protect the title of a purchaser where fraud is charged: (1) He must buy without notice of the bad intent on the part of the vendor; (2) he must be a purchaser for a valuable consideration. (3) He must be paid the purchase money before he had notice of the fraud. No defense that Lillie L. Horn acquired the stock as an innocent purchaser in

good faith and without knowledge of the insolvency of
her husband could be made under a general denial such
as filed by Mrs. Horn, and the court had no right to con-
sider in her behalf these elements or resolve them in her
favor in the state of the pleadings and evidence. Such de-
fenses must be specially pleaded. Dougherty v. Cooper,
77 Mo. 528; Check v. Waldron, 39 Mo. App. 21; Holds-
worth v. Shannon, 113 Mo. 524; Garrett v. Wagner, 125
Mo. 464; Keiser v. Gammon, 95 Mo. 217; Hoffman v.
Nolte, 127 Mo. 135 (and cases cited); Leavitt v. La Force,
71 Mo. 356. (10) Failure of a party against whom fraud
is charged to produce as witnesses persons who are alleg-
ed to have participated in the fraud, and who are within
reach, will raise a presumption in favor of the charge.
Chas. W. Horn, although in court at the trial of the case
did not testify. Stephenson v. Kilpatrick. 166 Mo. 263;
Summers v. Keller, 152 Mo. App. 639 (and cases cited);
Mabary v. McClung, 74 Mo. 575; Union Bank v. Stone,
50 Me. 595; 79 Am. Dec. 631. (11) Where fraud is
charged in putting away property to hinder, delay or de-
fraud creditors, there is no right of exemption in such
property; besides such defense to be available must be
specially pleaded and could not be made under a general
denial, as was filed by Mrs. Horn. Also inadequacy of
consideration and innocent purchaser must be specially
plead in order to take advantage thereof. Neither such
defenses, however, could be made in a collateral attack.
Holdsworth v. Shannon, 113 Mo. 524; Keiser v. Gam-
mon, 95 Mo. 217; Garrett v. Wagner, 125 Mo. 464;
Lumber Co. v. Carroll. 255 Mo. 361; Brown v. Chaney,
256 Mo. 225; Bobb v. Graham, 15 Mo. App. 289. (12)
A party is at liberty to discredit a witness whom he is
compelled to call, or what is known in the law as a com-
pulsory witness. The facts and circumstances surround-
ing the transfer of the shares of stock were entirely in
the breast of the defendants; and for this reason the
court will disregard statements of Mrs. Horn in her testi-
mony contrary to common sense or the usual experiences
of mankind in similar circumstances, will bear in mind

her interest in the outcome of the case, and will resolve most favorably any admissions against her interests in favor of plaintiff's case. As shown by the decided cases intent to defraud is usually not susceptible of direct proof, but must be deduced from circumstances tending to prove such intent. The rule does not apply where fraud is charged. 40 Cyc, p. 2560; Maginnis v. Railroad, 268 Mo. 675; Diffenderfer v. Scott, 5 Ind. App. 243, 32 N. E. 87; State v. Stock, 69 Vt. 486; Smith v. Utesch, 85 Io. 381; 52 N. W. 343; Dennett v. Dow, 17 Me. 19; Whitman v. Morey, 63 N. H. 448, 2 Atl. 899; Hart v. Burns, 4 Pa. L. J. Rep. 337; 21 L. R. A. 422; Cole v. Cole, 231 Mo. 237. (13) Lillie Horn, however, introduced no testimony, and under her pleading she is precluded from any defense of innocent purchaser, for the reason that such defense must be specially pleaded and proved and cannot be shown under a general denial. Cole v. Cole, supra; Hoffman v. Nolte, supra; Snyder v. Tree, supra; Holdsworth v. Shannon, 113 Mo. 524; Keiser v. Gammon, 95 Mo. 218; See cases cited under point 5. (14) The alleged advances from Mrs. Horn to her husband were made long prior to the transfer of the stock. She will not now be permitted to absorb all of Horn's estate when creditors intervene. Creditors, extending credit on commercial obligations, have a right to assume that property appearing to belong to a debtor when they extend credit will be liable for their debts, and it is a fraud upon their rights to have debtor, while insolvent, under the facts and circumstances shown by this record, transfer all of his tanglible assets to his wife to cover alleged antecedent debts. Scharff v. McGaugh, 205 Mo. 364; Benne v. Schnecko, 100 Mo. 256; Balz v. Nelson, 171 Mo. 682; Johnson v. Grayson, 230 Mo. 380; Loewen v. Forsee, 137 Mo. 29; Conrad v. Fisher, 37 Mo. App. 356 (syllabus 25). (15) The question of ownership of the stock was settled by the judgment and order of distribution of the probate court. Rottman v. Schmucker, 94 Mo. 139; Covington v. Chamblin, 156 Mo. 574; Sheetz v. Kirtley, 62 Mo. 417.

*Buder & Buder* for respondent.

(1) Unless matters of exception are brought to the attention of the trial court by a motion for new trial, and preserved in a bill of exceptions, they cannot be considered on appeal. Hamman v. Coal Corporation, 156 Mo. 232; Keaton v. Keaton, 74 Mo. App. 174; Lorts v. Wash, 175 Mo. 487. (2) The recitals in bills of sale made by constables are not prima-facie evidence of the facts related, under the common law, and our statute does not make them such. 10 Ruling Case Law, Executions, sec. 150 ; Freeman on Executions, sec. 106; Clem v. Meserole, 44 Fla. 234; Watson v. Tindal, 24 Ga. 494; Sweeney v. Sweeney, 119 Ga. 76; McEntire v. Durham, 29 N. C. 151; Blood v. Light, 38 Cal. 649; Hasbrouck v. Burhans, 52 Hun. 376; Hannah v. Chose, 4 N. D. 351; Williamette R. E. Co. v. Hendrix, 28 Ore. 485. (3) An execution cannot be renewed after it has expired. And in absence of any statutory regulations, an *alias* execution must be treated as a new proceeding, having a lien of its own not ante-dating its teste or delivery, and with no power to revive or continue the lien of anterior defunct writs. At the time in question all writs of execution emanating from a Justice Court were returnable in thirty days. State to use v. Boettger, 39 Mo. App. 684. Real Est. Co. v. Reimann, 116 Mo. App., l. c. 652. Brown v. The Sheriff, 1 Mo. 154. Freeman on Executions, Sec. 202. Laws of 1911, page 309. (4) The fact that the debtor's wife is a creditor does not destroy his right of a preference by a conveyance to her. Gambrel v. Hines, 170 Mo. App. 560. Wood v. Porter, 179 Mo. 56 l. c. 65. Block v. Epstein, 221 Mo. 286, l. c. 309. Robinson v. Dryden, 118 Mo. 534. Almstedt v. Wurdeman, 13 Mo. App. 585. Kincaid v. Irvine, 140 Mo. 615. Jones v. Geery, 153 Mo. 476. Sellers v. Dailey, 29 Mo. App. 174. Van Raalte v. Harrington, 101 Mo. 602. Ridge v. Greenwell, 53 Mo. App. 479. Donk Bros. Co. v. Stevens, 74 Mo. App. 39. (5) The better course, since it tends to prevent a sacrifice of the property, is for the

judgment creditor to go into equity in the first instance to set aside the conveyance complained of as fraudulent or to open it up to let in the lien of the judgment; but he can also first cause execution to issue under his judgment and buy the property at execution sale, and then go into equity to have the prior conveyance set aside as a consummated fraud standing in the way of his title, but in doing so, he must be held to prove the cause of action stated in his bill. Spindle v. Hyde, 247 Mo. 33, 53; Welch v. Mann, 193 Mo. 326. (6) He who comes into equity must do equity. The object of an execution sale is not to transfer the property of the execution debtor to the execution creditor, but to pay the debt. Rogers & B. Hardware Co. v. Cleveland Bldg. Co., 132 Mo. 442, 458; Dibert v. D'Arcy, 248 Mo. 649; Axman v. Smith, 156 Mo. 286. (7) While an appellate court is not bound by the findings or conclusions reached by the trial court in equity cases, yet because of the fact that the trial court had an opportunity to see the witnesses in person, considerable deference is given to the findings of the chancellor. Williams v. Williams, 259 Mo. 251; Hunter v. Briggs, 254 Mo. 28; Llewellyn v. Butler, 186 Mo. App. 525; Motor Company v. Young, 188 Mo. App. 289; Vaughn v. Vaughn, 251 Mo. 447.

*George F. Beck* for The Worthy Real Estate and Investment Company, Otto A. Weber and Eugene S. Klein.

ALLEN, J.—This is a suit in equity instituted by plaintiff against Charles W. Horn, in his individual capacity and also as trustee for one Benjamin J. Horn, Lillie Horn, wife of Charles W. Horn, the Worthy Real Estate & Investment Company, a corporation, Otto A. Weber and Eugene S. Klein, president and secretary respectively of said corporation.

The petition alleges that the aforesaid corporation was organized under the laws of Missouri with a capital stock of $30,000, divided into three hundred shares of the

199 M. A.—36.

par value of $100 each; that the company has its office in the city of St. Louis, and that defendants Weber and Klein are respectively president and secretary thereof; that the defendants Charles W. Horn and Lillie L. Horn, are husband and wife, and that Charles W. Horn claims to be the trustee of Benjamin F. Horn (meaning Benjamin J. Horn), in respect to certain shares of the aforesaid capital stock.

It is then alleged that on March 18, 1914, plaintiff brought suit against the defendant Charles W. Horn before one Pfeffle, a justice of the peace, and that on March 31, 1914, judgment was rendered in favor of plaintiff against said defendant in that action for the sum of $114.35 and costs; that the said cause of action accrued long prior to March 3, 1914; that on April 1, 1914, at the instance of the plaintiff, execution ''in due form as provided by law,'' was issued upon said judgment and placed in the hands of one Dutzi, constable in and for the justice of the peace district wherein said judgment was obtained that on March 3, 1914, the defendant Charles W. Horn was the owner of twenty-five shares of the capital stock of the aforesaid defendant corporation, having on that day acquired the same by virtue of a final settlement of the estate of his mother, Amelia Horn, deceased, in the probate court of the city of St. Louis; that on March 3, 1914, and for a long time prior thereto, at the date of the institution of this suit, defendant Charles W. Horn was and is insolvent and that on said day he caused twenty of the said shares of stock so owned by him to be placed in the name of his wife, Lillie L. Horn, and caused four shares of such stock to be placed in his own name as trustee for Benjamin F. (J) Horn. And it is alleged that these transfers of said stock by defendant Charles W. Horn were wholly voluntary and without any consideration, were made for the purpose of hindering, delaying and defrauding creditors of defendant Charles W. Horn, and especially this plaintiff; that on April 30, 1914, at the instance of plaintiff, the said constable made a levy under the execution aforesaid, ''in accordance with

the law," upon the said twenty-five shares of stock so
of "said writ and levy" with defendant Klein, as secre-
owned by defendant Charles W. Horn, by leaving a copy
tary of said corporation; that on May 20, 1914, at the
placed in the hands of said constable, and that said af-
instance of plaintiff, an *alias* execution, "in due form as
provided by law," was issued upon said judgment and
ficer, on the date last mentioned, gave public notice, by
"setting up four advertisements" in four public places
in the city of St. Louis, that he would sell the said twenty-
five shares of stock at public vendue on June 4th 1914,
at the office of said justice and constable, in the city of
St. Louis, for the purpose of satisfying such execution,
"all in accordance with the law in such case made and
provided;" that on June 4, 1914, said constable, "by
virtue of said execution, levy and notice of sale, pro-
ceeded to and did expose to sale at public vendue" said
twenty-five shares of stock, in the presence of more than
two persons competent to bid, and that this plaintiff,
being the highest and best bidder, purchased the same at
such sale for the sum of $5; that "the said levy upon
said stock and the sale thereof, and all proceedings lead-
ing thereto were in all respects in accordance with the
statute and laws of Missouri, and said sale is in all res-
pects legal and valid and vested the legal title in and
the plaintiff is the legal owner of said twenty-five shares
of stock."

It is then alleged that notwithstanding that "plain-
tiff is the owner of said shares of stock as aforesaid,"
the defendants Lillie L. Horn and Charles W. Horn, in-
dividually and as said trustee, have refused upon demand
to surrender to plaintiff "the certificate or certificates
evidencing said twenty-five shares of stock," and that
defendants Weber and Klein, as president and secretary
of said corporation, and the defendant corporation, have
refused to recognize plaintiff as the owner of said shares
of stock or to enter his name upon the stock records of
said corporation as the owner thereof, and refuse to is-
sue to him a certificate evidencing his ownership there-

of, as is the duty of said defendants Weber and Klein as such officers; that the said twenty-five shares of stock are of the value of $2000; and that plaintiff is without adequate remedy at law.

The prayer is for an order adjudging and decreeing plaintiff to be the lawful owner of the said twenty-five shares of stock, and that all right, title and interest of the defendants Charles W. Horn and Lillie L. Horn, "be forever foreclosed and vested in the plaintiff;" that said defendants be ordered and required to deliver in court the certificate or certificates respecting said twenty-five shares of stock, properly endorsed for the benefit of plaintiff, so that the same may be transferred upon the stock record books of the corporation in the name of plaintiff; and for a further order directing and requiring the defendant corporation and the defendants Weber and Klein, as its said officers, to issue and deliver to plaintiff in due form a certificate evidencing plaintiff's ownership of said stock; that all of the defendants be enjoined and restrained from assigning and transferring or permitting the transfer or assignment of said stock, or any part thereof; and should the defendant corporation and the defendants Weber and Klein, as its said officers, fail or refuse to comply with the orders prayed for against them, that the plaintiff have judgment against such defendants for the value of said shares of stock, to-wit, $2000; and for such other and further relief as may be meet and proper.

To this petition the defendant Charles W. Horn, in his individual capacity, demurred, one ground of such demurrer being that said defendant was not a necessary party to a complete determination of the action. Upon this ground the demurrer was sustained.

The joint answer of defendants Lillie L. Horn and of Charles W. Horn as trustee for Benjamin J. Horn is a general denial.

The defendant corporation and the defendants Weber and Klein filed a joint answer admitting the corporate existence of the Worthy Real Estate & Investment

Company, and admitting that defendants Weber and Klein are respectively president and secretary thereof. Further answering these defendants allege that on September 19, 1911, there were standing on the books of the corporation fifty-five shares of its capital stock in the name of Amelia Horn, evidenced by certificate No. 10 which had been issued to her on December 14, 1908; that on said September 19, 1911, at the request of said Amelia Horn said certificate was cancelled and two new certificates were issued to her, one for fifty-four shares and one for one share, numbered 17 and 18 respectively; that on the same day certificate No. 18, for one share, was assigned and transferred by said Amelia Horn to the defendant Charles W. Horn, and at the latter's request was cancelled and a new certificate issued therefor in his name, certificate No. 19, which was delivered to him.

This answer further alleges that on or about September 2, 1912, Amelia Horn died testate, and that by her last will and testament, duly admitted to probate, she bequeathed to her son, defendant Charles W. Horn, as trustee for her grandson, Benjamin J. Horn, four shares of said capital stock; that by said last will and testament it was provided that all the rest, residue and remainder of the estate of Amelia Horn be divided in equal shares between her sons Benjamin F. Horn and the defendant Charles W. Horn; that on March 3, 1914, upon the final settlement of said estate, the probate court ordered the balance of the estate, as shown by the final settlement, to be distributed as follows, viz: Four shares of said capital stock to Benjamin J. Horn's trustee, and to Benjamin F. Horn and the defendant Charles W. Horn twenty-five shares of said stock.

And further answering these defendants say that in pursuance of said order of March 3, 1914, they transferred on the books of the defendant company the shares of stock standing in the name of the deceased, four shares to defendant Charles W. Horn, as trustee for Benjamin J. Horn, evidenced by certificate No. 24, five

shares to defendant Charles W. Horn, evidenced by certificate No. 26, and that "at the request and direction of defendant Charles W. Horn the remaining twenty shares of said stock ordered paid to him were issued to the defendant Lillie L. Horn, evidenced by certificate No. 25. And it is alleged that no stock in defendant company stood in the name of defendant Charles W. Horn other than the above mentioned shares. And these defendants deny that defendant Charles W. Horn caused four shares of stock to be placed in his name as trustee for Benjamin J. Horn, for the purpose of hindering, delaying and defrauding his creditors.

Further answering these defendants say that afterwards, to-wit, on March 10, 1914, the six shares of stock held by defendant Charles W. Horn, evidenced by said certificate No. 19, dated September 9, 1911, for one share, and said certificate No. 26 dated March 3, 1914, for five shares, were, at the request of defendant Charles W. Horn, cancelled and two new certificates issued therefor, one for five shares and the other for one share, in the name of defendant Otto A. Weber; that said six shares were so transferred to defendant Weber in consideration of $450, being "cash paid and money loaned to said defendant from time to time and for cash advanced to him at his request, for his use and benefit." The items (11 in number), being cash advances alleged to have been thus made by defendant Weber to defendant Charles W. Horn, are set out in full with the respective dates thereof, beginning February 4, 1914. and ending March 23, 1914.

And it is averred that the said certificates so issued to defendant Lillie L. Horn and Charles W. Horn as trustee, were, at the times mentioned in plaintiff's petition, and now are, outstanding, and that said defendants appear upon the books of defendant corporation as the lawful holders of said shares. And these defendants aver that they have no knowledge or information sufficient to form a belief as to whether the alleged levy and sale of the shares issued to defendant Lillie L. Horn

were in accordance with law and gave the purchaser a good title, or whether the defendant Charles W. Horn, at the time he transferred said twenty shares of stock to his wife Lillie` L. Horn was insolvent and unable to pay his debts, or whether such transfer was voluntary, without consideration and made for the purpose of hindering, delaying and defrauding said defendant's creditors. And these defendants further aver that they have no interest in or claim upon such shares, or the four shares issued to defendant Charles W. Horn, as trustee, and that they have always been and are now ready and willing to transfer all such shares to plaintiff when it has been determined that he is lawfully entitled thereto; that they have declined to transfer said shares to him because they did not know and had no means of determining whether he was lawfully entitled thereto; and they pray upon compliance with any order or judgment of the court they may be discharged with their costs.

To this answer plaintiff filed a reply consisting of a general denial of the new matter therein contained.

The trial, before the court sitting as a chancellor, resulted in a judgment for all of the defendants, dismissing plaintiff's bill. From this judgment plaintiff prosecutes the appeal before us.

At the outset of the trial it was admitted by counsel for Lillie L. Horn and Charles W. Horn, trustee, that Amelia Horn at the time of her death owned fifty-four shares of stock in defendant corporation.

To sustain the issues on his part the plaintiff, over the objections of defendants Lillie L. Horn and Charles W. Horn, trustee, introduced in evidence a bill of sale executed by constable Dutzi on June 4, 1914, purporting to convey to plaintiff, in consideration of the sum of $5, all the right, title and interest of Charles W. Horn in and to twenty-five shares of stock of the defendant corporation. This instrument recites that "judgment was rendered March 31, 1914, in favor of Felix L. Baumann against Charles W. Horn and execution issued thereon April 1, 1914, and a levy was made April 30, 1914, under

said judgment and execution, as hereinafter set forth;" that on June 4, 1914, at a public sale held by said officer, "by virtue of *alias* execution and levy issued and made under said judgment . . . all in accordance with the law in such cases made and provided" this plaintiff was the highest and best bidder, "at the price and sum of $5." Then follows a clause purporting to convey to plaintiff all the right, title and interest of Charles W. Horn in and to said stock for the consideration aforesaid.

Plaintiff thereupon read in evidence a deposition of defendant Lillie L. Horn, upon the theory that the answers of said defendant contained therein constituted admissions against interest. As to the sworn statements of this defendant thus adduced it is only necessary to say that they tend to show that the twenty shares of stock, shown to have been transferred to her by her husband, Charles W. Horn, were so transferred pursuant to an agreement between her and her husband to the effect that such stock would be so transferred in consideration of moneys which had been theretofore advanced by her, and by her father for her, to Charles W. Horn at various times, and in consideration also of certain trust funds belonging to her son, Benjamin J. Horn, which had been theretofore diverted and used by defendant Charles W. Horn. There is evidence that about $900 was thus due defendant Lillie L. Horn from her husband Charles W. Horn, and that the trust fund in question amounted to about $600.

Plaintiff testified in his own behalf and adduced the testimony of other witnesses. Such testimony tends to show that defendant Charles W. Horn was insolvent at the time of the transfer of the twenty shares aforesaid; it also tends to show that defendant Lillie L. Horn knew that plaintiff and certain other creditors at various times telephoned to the residence of defendant Charles W. Horn in regard to bills which he owed them, but it fails to show that defendant Lillie L. Horn knew that her husband was insolvent (and she denies that she had such

knowledge, or that she participated in any design on his part to hinder, delay or defraud his creditors.

Defendant Weber testified, but it is unnecessary to notice his testimony further than to·say that it is to be deducted therefrom that the twenty shares of stock above mentioned were worth' not to exceed $1400 or possibly $1500. The record contains an admission on the part of plaintiff "that the averments in this defendant's answer are true."

We have before us an opinion filed by the learned chancellor below disposing of the case. As it is somewhat lengthy we shall not reproduce it here. We are of the opinion, however, that the conclusions of the trial judge are sound, and that this judgment should not be disturbed.

In the first place plaintiff, we think, failed to substantiate essential averments of his bill. As to his alleged judgment, execution, levy and sale, plaintiff introduced nothing but the aforesaid constable's bill of sale. We regard it as quite clear that the recitals of this instrument do not constitute prima-facie evidence if the existence of a judgment in plaintiff's favor, as alleged, and of the subsequent proceeding claimed to have been lawfully and regularly had thereunder leading up to the sale. This bill of sale is not controlled by the provisions of section 2231, Revised Statutes, 1909, making the necessary recitals in a sheriff's deed to real estate sold under execution prima-facie evidence of the truth thereof. Section 2230, Revised Statutes, 1909, provides that the officer making a sale of corporate stock "shall execute an instrument in writing, reciting the sale and payment of the consideration, and conveying to the purchaser such rights and shares." etc. There is no statutory provision making the recitals of such a bill of sale prima-facie evidence of the truth of the matter so recited; and in no event could such instrument be prima-facie evidence of matters not required to be therein recited. Prior to the enactment of section 2231, supra, in its present form, a sheriff's deed was not prima-facie

evidence of the facts therein recited (See McCormick v. Fitzmorris, et al., 39 Mo. 24; Samuels v. Shelton, et al., 48 Mo. 444). And we perceive no ground upon which the bill of sale before us can be given the evidentiary effect which appellant ascribes to it. We need not discuss other questions referred to by counsel in this connection. Standing alone the bill of sale did not suffice to show that plaintiff had lawfully acquired title to this stock as alleged.

But regardless of the matter above discussed, we are of the opinion that plaintiff failed to make out a case in equity entitling him to the relief sought, or to any relief. It is conceded that plaintiff showed no right to any stock other than the twenty shares transferred by Charles W. Horn to his wife Lillie L. Horn. And as to these shares we are satisfied that the finding and judgment below are correct. Owing to the relationship of the parties the transaction in question is one to be closely scrutinized, but a careful consideration of the evidence adduced touching the matter has convinced us that it fully warrants the finding that defendant Lillie L. Horn acquired such stock in good faith and upon full consideration. Such was the conclusion of the learned chancellor below, and we see no reason to disturb it.

Other questions averted to in the briefs of counsel need not be noticed.

The judgment is affirmed. *Reynolds, P. J.* and *Becker, J.,* concur.